5)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

JOMO WILLIAMS

_____

Write the full name of each plaintiff.

-against-

J. DOES OF/FOR NYS UCS,

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____

(Include case number if one has been assigned)

## COMPLAINT

Do you want a jury trial?
☑ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☑  **Federal Question**

☐  **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

FED LAW - U.S. CONST : 1ST AMEND (ACCESS TO COURTS), AND 14TH AMEND (DUE PROCESS & EQUAL PROTECTION); AMERICAN DISABILITY ACT; 42 USC 1983; (ET.AL. SEE ATTACHED)

STATE LAW - New York Constitution Article I - Bill Of Rights Section 11 Equal protection of laws, AND Article I - Bill Of Rights Section 9 (PETITION GOVERNMENT); NY CVR 10 (CIVIL RIGHT TO EQUAL PROTECTION & COURT ACCESS); Blossick v. MONROE COUNTY DSS, 6 Misc. 3d 621 - NY:Supreme Court, Monroe 2004; CPLR 1101; ET.AL. SEE ATTACHED.

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , JOMO WILLIAMS                                  , is a citizen of the State of
(Plaintiff's name)

NEW YORK
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, <u>J. DOES OF/FOR NYS UCS,</u>, is a citizen of the State of
          (Defendant's name)

<u>NEW YORK STATE</u>

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

    <u>                              </u>.

If the defendant is a corporation:

The defendant, <u>J. DOES OF/FOR NYS UCS,</u>, is incorporated under the laws of

the State of <u>NEW YORK STATE</u>

and has its principal place of business in the State of <u>NEW YORK</u>

or is incorporated under the laws of (foreign state) <u>New York Constitution Article VI § 1</u>

and has its principal place of business in <u>NYS UCS, 25 Beaver St., New York NY, 10004</u>.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

## A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

First Name                Middle Initial        Last Name

Street Address

County, City                     State          Zip Code

Telephone Number               Email Address (if available)

Page 3

New York State Courts Access to Justice, 111 Centre Street
New York, NY 10013, Phone 646-386-3200, Email  DCAJ-OJI@nycourts.gov

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

JOHN/JANE DOES             OF/FOR NYS UNIFIED COURTS'
First Name                         Last Name

ACCESS TO JUSTICE Initiative
Current Job Title (or other identifying information)

111 Centre Street
Current Work Address (or other address where defendant may be served)

New York, NY 10013
County, City                        State              Zip Code

Defendant 2:

JOHN/JANE DOES             OF/FOR NYS UNIFIED COURTS'
First Name                         Last Name

NYSCEF Office of Court Administration, Attn: E-Filing Resource Center
Current Job Title (or other identifying information)

25 Beaver Street - 9th Floor
Current Work Address (or other address where defendant may be served)

New York, NY 10004
County, City                        State              Zip Code

Defendant 3:

JOHN/JANE DOE              OF/FOR NYS UNIFIED COURTS'
First Name                         Last Name

New York State Office of Court Administration, Statewide ADA Coordinator
Current Job Title (or other identifying information)

25 Beaver Street, 7th Floor
Current Work Address (or other address where defendant may be served)

New York, NY 10004
County, City                        State              Zip Code

J. DOES OF/FOR          J. DOES OF/FOR          J. DOES OF/FOR
County Clerk            E-Filing Liaison        EMERGENCY COURT ADMIN
E-File Department       60 Centre Street        emergency@nycourts.gov
60 Centre Street        Supreme Court,
Room 141 B              New York County

Page 4

Defendant 4:

JOHN/JANE DOES                    OF/FOR NYS UNIFIED COURTS'
First Name                          Last Name

EDDS, and PRO SE OFFICES
Current Job Title (or other identifying information)

60 CENTRE STREET
Current Work Address (or other address where defendant may be served)

NY, NY  10007
County, City                        State                Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence:  E FILING; NYSCEF; EDDS; EMERGENCY CT; VARIOUS NYS UCS'

EMAIL ADDRESSES.

Date(s) of occurrence:  FROM 6/6/2024 TO PRESENT DATE

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

1) FROM 6/6/2024 TO PRESENT DATE, THE PLAINTIFF HAS BEEN SUBMITTING PAPERS

TO NYS UCS STAFF FOR PROCESS, FILING, AND LITIGATION PURPOSE. HOWEVER

NYS UCS' STAFF HAS AN UNWRITTEN (OR NON PROMULGATED) POLICY THAT THOSE

WHO MAKE APPLICATION FOR CPLR 1101 (APPLICATION TO PROCEED WITHOUT

PREPAYING FEES OR COSTS) ARE DENIED ELECTRONIC ACCESS TO THE COURTS

TO MAKE CPLR 1101 APPLICATION (EVEN DURING TIMES OF DISABILITES AND/OR

SYMPTOMATIC COVID PERIODS WHEN THEY ARE BARRED FROM ENTERING THE COURT

see Exhibit A within SDNY Exhibit A

2) On 6/16/24, was my most recent filing I submitted to the defendants in afforts to correct this matter

on the State level (see SDNY exhibit A (I incorporate all the attached papers herein this very paragraph).

3) In response to my 6/16/24, the defendants sent plaintiff more rejections, denials, and deletions notices

(see SDNY exhibit B)  Also see end note attached direct to this complaint)

4) on about 6/10/24, After the Plaintiff's 6/6/24, Emergency Ct. application he made to the defendants' about

NYS UCS' unequal access to the courts denial against CPLR 1101 APPLICANTS, he filed CPLR 1101

applications onto NYSCEF (see SDNY exhibit C., that plaintiff too incorporate herein & into this matter).

5) All attached papers are a continuation of this instant complaint.

6) The Plaintiff is part of the following classes that may or may not be protected in this matter: African/Native/Hispanic American (mother Afrcn/Native : father Afrcn/Hispanic); Army Veteran; Formerly Incarcerated Person; Political Candidate (Multiple Elections); Zero income; Currently Medically Disable.

7) Closing, I briefly researched some other states and they appear not to denylitigants access to their e filing system because litigants are filing a waiver for fee request with their commencing papers; in fact nither do the Federal courts (see SDNY Exhibit D)

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received. Computer Vision Syndrome; headaches; enhancment of CFS/PEM & TBI; unlawful detainig plaintiff to draft & litigate unneccsarily; social disassoc.; EMOTIONAL AND MENTAL DISTRESS; LITIGATION DAMAGES; SOCIAL, BUSINESS, LEGAL AND OTHER AFFAIRS DEPRIVATIONS DUE TO UNNECCASSARY TIME TOOK TO LITIGATE INSTANT MATTER (E.G. from HOUSING COURT; WILLIAMS V. DFS; WILLIAMS V. VERIZON; WILLIAMS V. ASTOUND; WILLIAMS V. RICHMOND TOWING; INTELLECTUAL PROPERTIES - NULIEPH FDA FILING (modtecpharma.com); donation contribution platform; Electronic environmental deviece development; acessory development for andriod & Iphones; inter alias projects/matters distracted.

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

(1) Defendants policy that denies CPLR 1101 applicants access to e filing over turned

(2) Compel defendants to immediately accept Plaintiff's CPLR 1101 Application via electronic means to allow him to proceed in the e-filing the matter of  Williams v. DFS, et.al., to NYS COURTs

(3) Grant the Plaintif tolling and extensions of time for all deadlines and statutes of limitations that may have expired due to this instant unequal access to the courts matter;

(4) Order the defendants to award the plaintiff the $50M, he sought in the attached papers for reasons stated herein and in the attached papers and their underlying matter (Williams v. DFS, et.al..).

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| 6/18/2024 | | /S/ JOMO WILLIAMS |
|---|---|---|
| Dated | | Plaintiff's Signature |
| JOMO | | WILLIAMS |
| First Name | Middle Initial | Last Name |
| 3333 BROADWAY D10G NY NY 10031 | | |
| Street Address | | |
| NEW YORK | NY | 10031 |
| County, City | State | Zip Code |
| 646 377 8066 | | JOMOWILLIAMS@YMAIL.COM |
| Telephone Number | | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:
☒ Yes    ☐ No

> If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

END NOTE:

1) The Petitioner is far from being not familiar with this sort of obstruction of justice, misconducts, and tactics, as his countless litigations endeavors for decades & decades have been and still are usually prone to being subjected to obstructions of justice (from the petitioner's mailings never making it to court files ("trashcan filings"); him submitting hundreds of papers into court files, and when he actually get into courthouse to see files, he see only one piece of paper stored in file; papers being rejected for filing without receipts (then when he get in front of Judges he's denied relief or dismissed due to the absent of same papers that were rejected without receipt) et. al. sorts of litigation sabotages that allowed many injustices to occur against him, that still stand to this very day; that too caused generational deprivations and injustices similar to Amer. slavery, and Native Amer. persecutions (injustices that imposed invisible punishments & collateral consequences like dysfunctional family; systematic obstacles in building wealth; generational wealth GAP ).

2) Its worth mentioning here that in the 2023 year litigation CPLR 1101 application that was denied by NYCEF (see above) for filing was in Suffolk county, however the Petitioner now discovered that Suffolk county do indeed accept online CPLR 1101 applications via NYSCEF (see https://www.suffolkcountyny.gov/Elected-Officials/County-Clerk/Court-Actions-and-Court-Minutes/Court-Actions-Frequently-Asked-Questions/CIVIL-Frequently-Asked-Questions/Name-Changes ) thus making the Petitioner a class of one  ("separate but equal") that was inherently treated unequal, singled out and segregated to subjected him and his family to an ongoing form of invidious discrimination (then delete it clean off the record for concealment).



EMERGENCY COURT OSC APPLICATION FOR TRO/INJUNCTIVE RELIEF

## SERVICE PROVISIONS - - ORDER TO SHOW CAUSE E-FILED WITH THE COURT AND SERVED ELECTRONICALLY

Sufficient cause being alleged, it is hereby ORDERED:

1) <u>JOMO WILLIAMS</u> is directed to e-file a conformed copy of the signed order to show cause with the site of the New York State Courts Electronic Filing System ("NYSCEF") on or before _____, 20 ____, which shall be deemed good and sufficient service on all parties participating in e-filing in this case of both the signed order to show cause and the papers in support thereof that were previously e-filed.

2) Opposition papers, if any, shall be e-filed to the NYSCEF site by , 20 ____.

3) Reply papers, if any, shall be e-filed to the NYSCEF site by , 20 ____.

[ *Add whenever applicable*:

4) Notwithstanding the foregoing, with respect to any non-participating self-represented parties and any parties who are represented by exempt/opted-out counsel, service upon each of them of the signed order to show cause and the supporting papers shall be made in hard copy by [*specify manner of service*] _____on or before , 20 ____, and service of the reply papers, if any, shall be made on each of them in hard copy in the same manner on or before _____ , which shall be deemed good and sufficient service of such papers, and affidavits attesting to such service shall be e-filed on or before the return date.

Opposition papers, if any, by any such self-represented party or exempt/opted-out attorney shall be served in hard-copy format upon all other parties by [*specify manner of service*] on or before _____, 20 ____, which shall be deemed good and sufficient service of such papers, and such papers with proof of service thereof shall be filed with the court in hard-copy format by hand on or before _____, 20 ____.  ]

ENTER:

_____
J.S.C.

EMERGENCY COURT OSC APPLICATION FOR TRO/INJUNCTIVE RELIEF

## SERVICE PROVISIONS - - ORDER TO SHOW CAUSE E-FILED WITH THE COURT AND SERVED ELECTRONICALLY

Sufficient cause being alleged, it is hereby ORDERED:

1) __JOMO WILLIAMS_____ is directed to e-file a conformed copy of the signed order to show cause with the site of the New York State Courts Electronic Filing System ("NYSCEF") on or before _____, 20 ____, which shall be deemed good and sufficient service on all parties participating in e-filing in this case of both the signed order to show cause and the papers in support thereof that were previously e-filed.

2) Opposition papers, if any, shall be e-filed to the NYSCEF site by , 20 ____.

3) Reply papers, if any, shall be e-filed to the NYSCEF site by , 20 ____.

[ *Add whenever applicable*:

4) Notwithstanding the foregoing, with respect to any non-participating self-represented parties and any parties who are represented by exempt/opted-out counsel, service upon each of them of the signed order to show cause and the supporting papers shall be made in hard copy by [*specify manner of service*] _____on or before , 20 ____, and service of the reply papers, if any, shall be made on each of them in hard copy in the same manner on or before _____ , which shall be deemed good and sufficient service of such papers, and affidavits attesting to such service shall be e-filed on or before the return date.

Opposition papers, if any, by any such self-represented party or exempt/opted-out attorney shall be served in hard-copy format upon all other parties by [*specify manner of service*] on or before _____, 20 ____, which shall be deemed good and sufficient service of such papers, and such papers with proof of service thereof shall be filed with the court in hard-copy format by hand on or before _____, 20 ____.  ]

ENTER:


_____
J.S.C.

NYS SUPREME COURT
EMERGENCY COURT
—-----------------------------------------------------------X
In the matter of
JOMO WILLIAMS,                                               EMERGENCY
                                   PETITIONER               APPLICATION
                 V.                                         FOR
                                                            TRO/INJUNCT
NYS UCS; NYSCEF; EMERGENCY CT.;                             VIA OSC
ADA NY CT.; IG NY CT.; EFILE NY CT;                         CPLR ART. 78,
PRO SE OFFICE; EDDS; SFC-HELP CENTER;                       & CPLR 3001
ACCESS TO JUSTICE;
                                   RESPONDENTS
—-----------------------------------------------------------X


I, Jomo Williams, the Petitioner named in the above caption state the following:

1) This matter can not wait for tomorrow ; the denials of equal access to the courts in this matter has caused particular statute of limitations deadlines to file papers, to surpass, and jeopardizing others to also expire, thus infringing upon opposing parties rights to timely notice, and  sabotaging (vandalizing) the petitioner's litigation efforts (and rights).

2) This instant matter is concerning inter alias, lack of, and conflicts within NYS UCS' administrative policies; court

1

access denials; obstructions of justice; income & disability

discriminations; civil rights violations; and State & Federal

Constitutional rights violations;

3) Parties in this matter are

(a) All offices and departments of NYS UCS, who the

Petitioner have been steadily emailing in his endeavors to

have NYS UCS, file his papers for Judicial review (including

but not limited to:

nyscef@nycourts.gov ;Emergency@nycourts.gov;
edds@nycourts.gov; ADA@nycourts.gov ; ig@nycourts.gov ;
cc-nyef@nycourts.gov  ;  newyorkef@courts.state.ny.us ;
SFC-HelpCenterNY@nycourts.gov );

(b) Other interested parties pursuant CPLR 7802(d), to this
instant matter, are all named as respondents and OIP-s,
within the case caption for Williams v. DFS, et.al.. (See the
Case Caption Magnifier within Exhibit G)

4) It took the Petitioner months to draw litigation papers for

the related matter of Williams v. DFS, et.al..; and became

increasing indisposed in the process;

2

5) Being mindful of potential statutory deadlines, the petitioner hastened to complete his drawings and submission of Williams v. DFS, et.al., litigation papers.

6) During said completion period of the petitioner's papers, he developed a severe constant symptomatic covid like cough, and was too suffering from other discomforts, disorientations, and ailments brought on from being detained away drawing said litigation papers; thus he elected to use the NYS UCS' electronic filing system option; (see Exhibit B);

7) Around the June of 2023 (year)  in a recent NYSCEF filing effort by the Petitioner,  in an unrelated matter, the Petitioner was denied by NYSCEF to file CPLR 1101 application via NYSCEF; (See Exhibit A)

8) Thus in that 2023 (yr) matter, the Petitioner was overcharged around $400 - $500, dollars by NYSCEF, to file his papers;

9) Thus on 6/6/2024, due to the prior 2023 (yr) NYSCEF CPLR 1101 denial, the Petitioner first went onto NYSEF, to see if it

changed policy by searching its FORM page for CPLR 1101,

forms (none was present)

10)   Thus on 6/6/24, he filed his <u>Williams v. DFS, et. al</u>.,

papers, with the <u>NYS UCS Emergency courts</u>, with an

unequal access to the courts complaint attached to them;

11)   On 6/6/24, The Emergency court only responded back

with an auto email reply, and thereafter remained silent.

12)   Thus after a couple days hearing no more response from

the Emergency court,  the Petitioner proceeded back to

NYSCEF, to try to file papers; and discovered since  the 2023

(yr) recent unrelated filing and <u>NYSCEF's CPLR 1101 denial</u>,

that new provisions were placed further deep within the

NYSCEF,  online filing platform system (e.g. CPLR 1101

provisions and no fee auth letter, in drop down tabs).

13)   Thus the Petitioner took advantage to utilize these new

<u>NYSCEF CPLR 1101, provisions</u> to upload the <u>Williams v.

DFS, et.al.</u>, papers.

14)  From around 6/9/24 straight to 6/11/24, the petitioner

was subjected to all sorts of glitches, rejections, and other

denials from the NYSCEF platform failures, in response to his efforts to file <u>Williams v. DFS, et. al.,</u> with NYSCEF.

15)   On 6/11/2024, the petitioner was finally allowed to upload his papers to NYSCEF, to commence proceedings for the matter of <u>Williams v. DFS; et.al.</u>; (see exhibit D)

16)   The petitioner uploaded an affirm that was part of his CPLR 1101 application, into the NYSCEF system, under the "No Fee Authorization Letter" category option, within the NYSCEF system (See Exhibit E; and  law memo para. (VII) below)

17)   And the other parts of his CPLR 1101 application the petitioner uploaded under the other new NYSCEF category options designated for "CPLR 1101" application (that was not present in 2023 year) (See exhibit d)

18)   And thereafter, the petitioner filed the rest of his papers into most relevant categorized places made available to him by NYSCEF;

19)   The NYSCEF, system accepted the Petitioner's Williams v. DFS, upload for process (see exhibit d)

20)   The main papers that underlie the petitioner's <u>Williams v. DFS</u>, commencing papers consisted of inter alias, multiple <u>U.C.C. claims and Consumer Credit (Non-Card) Transaction claims</u> , thus making the proceeding a **mandatory e filing** case pursuant to <u>N.Y. County Sup. Ct.</u>, (the courthouse that papers are being directed to).

(see: https://iapps.courts.state.ny.us/nyscef/AuthorizeCaseType )

21)   All known respondents (named in the underlying case caption within the petitioner's submissions) are entities who are mandated by law to be represented by legal counsel, and thus must E-FILE in same litigation;

22)   On 6/11/24, in response to the petitioner's above said NYSCEF uploading filing, NYSCEF emailed the petitioner back, stating it can not process Petitioner's CPLR 1101 application on NYSCEF; because NYSCEF users must go physically to court to file for CPLR 1101 relief. (See exhibit A)

23)   Thus on 6/12/24, the petitioner made 3 nd application to <u>NYS UCS.s emergency court</u> in efforts to file the <u>Williams v. DFS</u>, papers with the courts (and made complaints to the

other various NYS UCS offices and departments named in
caption)(See Exhibit F)

24)  I incorporate Exhibit F, word for word, facts, claims, laws,
etc., in its whole entirety, herein to this very paragraph;

25)  On 6/12/24, the emergency court responded to petitioner
with another auto - reply, other than the auto-reply, the
petitioner did not again hear anything back from NYS USC
emergency court in respect to his above emergency filing
(the other NYS UCS offices & depts stood silent, aside from
one who disparagingly referred to petitioner's unequal
access to courts complaint as a chain email).

26)  Presently, NYSCEF, has the Petitioner's Williams v. DFS,
matter on pending status, which deactivates the petitioner
(NYSCEF user) from being able to make any additional
submissions into the NYSCEF database directly for the
Williams v. DFS, underlying matter.

27)  Thus On 6/13/24/ Thus the petitioner attempted to
submit his CPLR 1101 application via EDDS;

28)   However, The New York County Supreme Court (EDDS), only permits quote - "The following case types are available for electronic document delivery. Letter Application To Convert to E-Filing; Send Document Internally; [and] Submitted Motion List"

29)   When the petitioner utilized the EDDS, he was only given the Letter Application to Convert… option to submit.

30)   Thus the Petitioner, made 2 submissions, via EDDS (a) Letter to Convert… on court form, and (b) Letter to Convert, with CPLR 1101 application (et.al.) attached to it as proof of Noticing; (see exhibit G)

31)   Thereafter on 6/14/24,  the petitioner followed up his EDDS submission, by calling 25 Beaver st, NY, NY; it stated to the petitioner that his submitted papers were not a Letter a letter to convert;

32)   Thus 6/14/24, immediately after that call, the petitioner emailed all his papers to Pro Se office (via SFC-HelpCenterNY@nycourts.gov  )  requesting that under the circumstances that it (pro se office) kindly present his

CPLR 1101 application and its supporting papers before a Judge for Judicial review;

33) However, to the present date the Pro Se office has been unresponsive to the Petitioner's 6/14/24, email request ;

34) Thus from late 6/15/24 to the present date the Petitioner has been constant on drawing these instant papers.

35) The Petitioner searched throughout the NYS UCS, and its counties thereof, for court fees schedules, and found no fees posted for making & filing a <u>CPLR 1101</u> application.

36) <u>Furthermore CPLR 1101 statute clearly indicates that</u> <u>CPLR 1101 application will be accepted for filing and</u> <u>assigned an index number "with out cost" ("granted freely")</u> <u>see CPLR 1101 & CVR 10 below for quotes)</u> **<u>prior to and</u>** **<u>before</u>** <u>it is presented to a judge for decision on what fee</u> <u>amount may or may not need to be paid.</u>

37) It is well established within jurisprudence law that income discriminated persons (indigencies, etc) are a protected class when it comes to the civil liberty of access to the

courts (petition the government) see exhibit f, and fact 25

i.d.; which the petitioner incorporates too herein this para.)

38)    Furthermore since race and disabilities have both

(individually) been shown & proven to play factors and roles

in income iniquities & disparities, any discriminative tool that

relies on lack of income as an apparatus or deciding factor to

deny or exclude low income persons access from public

governmental services, could easily be perceived as covert,

clandestine, and collateral discriminations that will likely

have adverse impacts on other protected classes.

39)  The respondents made a policy that indigent applicants

can not utilize the NYS UCS electronic filing system.

40)  Respondents have created and enforced a policy that

denied the petitioner access to an avenue to the courts

41)  The said avenue is an access to a governmental public

service

42)  Respondents have created and enforced a policy that

denied indigent litigants equal access to an avenue to the

courts

43) Respondents have created inconsistent policies that confuse and abridge the petitioner's rights to equal access to an avenue to the courts ( e.g. NYSCEF's letter of Auth filing provision: do CPLR 1101 applicants  file a CPLR 1101 affirm (see law memo (VII) below) ? or a letter of Auth (see law memo (IX) below, and endnote #1) ? Or does NYSCEF not accept CPLR 1101 application via electronic filing at all (see exhibit A, NYSCEF's CPLR 1101 emails denials attached)? Or are Suffolk litigants allowed to file CPLR 1101 Affirm as no fee letter auth, but Harlem litigants are not (Geographical discrimination (see: juxtaposed  exhibits A & E; law memo (VII) and NYSCEF's CPLR 1101 emails denials attached)?

44) Respondents' tacit approvals of NYS UCS' denying the Petitioner equal access to an electronic avenue to the courts in this matter has & is abridging his right, and equal protection, to petition the government (access the courts) via electronic means during his times of qualified CPLR 1101 status, disability status, and/or symptomatic covid courthouse barred status;

45)  All just said above, below & attached are in violation of citations of authorities cited in same attached and below :

# LAW MEMO

**NOTE: CASE IN POINT WAS FOUND LAST; GOTO PARAGRAPH (XVI) below.**

## (I) New York Consolidated Laws, Civil Rights Law - CVR § 10. Justice to be administered without favor and speedily

Neither justice nor right should be sold to any person, **nor denied, nor deferred;** and writs and process ought to be granted freely and without delay, to all persons requiring the same, on payment of the fees established by law.

## (II) U.S. Constitution 14 Amendment &

No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

## (III) New York Constitution  Article I - Bill Of Rights Section 11 Equal protection of laws

No person shall be denied the equal protection of the laws of this state or any subdivision thereof. No person shall, because of race, color, creed or religion, be subjected to any discrimination in his or her civil rights by any other person or by any firm, corporation, or institution, or by the state or any agency or subdivision of the state.

## (IV) U.S. Constitution First Amendment

...shall make no law...<u>abridging the freedom of speech</u>, or... to <u>petition the Government for a redress of grievances</u>.

## (V) New York Constitution Article I - Bill Of Rights Section 9

No law shall be passed abridging the rights of the people … to petition the government, or any department thereof; …

## (VI) (ADA)  42 U.S.C. 12132

§ 12132. Discrimination Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities <u>of a public entity</u>, or be subjected to discrimination by any such entity. (Pub. L. 101–3

Also see:  **29 U.S. Code § 794** ;

**Additional**: Making conflicting policies and sending misinformation (not available provisions to file) regarding **CPLR 1101,** and/or **No fee authorization letter** are in non-compliance to <u>WC3 Guideline 3.1</u>, as inconsistent and thus not "understandable".

**ADDITIONALLY**:

https://www.ada.gov/resources/effective-communication/

The ADA requires that title II entities (State and local governments) and title III entities (businesses and nonprofit organizations that serve the public) <u>communicate effectively</u> with people...

## (VII) HOW TO SUBMIT
## CPLR 1101 APPLICATION
## ON NYSCEF
## suffolkcountyny.gov

"The poor person affidavit would be filed as a No Fee Authorization Letter and the proposed order filed separately as Order (Proposed)."

See:  attached and website - https://www.suffolkcountyny.gov/Elected-Officials/County-Clerk/Court-Actions-and-Court-Minutes/Court-Actions-Frequently-Asked-Questions/CIVIL-Frequently-Asked-Questions/Name-Changes

## (VIII) CPLR 1101 WAIVER OF FEE APPLICATION

(d) [Eff. Sept. 1, 2019.  See, also, subd. (d) above.]  Waiver of fee in certain cases.   A plaintiff may seek to commence his or her action **without payment of the fee required by filing the form affidavit, attesting that such plaintiff is unable to pay the costs, fees and expenses necessary to prosecute or defend the action,** which shall be available in the clerk's office along with the summons and complaint or summons with notice or third-party summons and complaint.   **The case will be given an index number,** or, in courts other than the supreme or county courts, any necessary filing number and **the application will be submitted to a judge of the court**.   **If the court approves** the application, the plaintiff will by written order be given notice that all fees and costs relating to the filing and service shall be waived.   **If the court denies** the application the plaintiff will by written order be given notice that the case will be dismissed if the fee is not paid within one hundred twenty days of the date of the order.

## (IX) Joint Protocols for
## New York State Courts E-Filing (NYSCEF)
https://www4.erie.gov/clerk/sites/www4.erie.gov.clerk/files/2023-02/erie_protocols.pdf

F. No Fee Authorization Letter: Where a "No Fee Authorization Letter" is referenced, it is intended to be a written request on the letterhead of the

attorney or filer that an action or particular document type: will be accepted with no fee required and include the basis for the exemption.

Also see:
Joint Protocols for New York State Courts E-Filing (NYSCEF)

https://iappscontent.courts.state.ny.us/NYSCEF/live/clerkBanner/SchuylerProtocol.pdf

https://www.nycourts.gov/LegacyPDFS/courts/8jd/pdfs/Niagara/Niagara-Mandatory-EFiling-Protocol-FINAL.pdf

### (X) Electronic Filing in the New York State Courts
### Report of the Chief Administrative Judge
### to the Legislature, the Governor, and the
### Chief Judge of the State of New York

March 2024 , EFileReport.pdf
https://iappscontent.courts.state.ny.us/NYSCEF/live/help/EFileReport.pdf

"These restrictions unfairly hinder practitioners and unrepresented litigants in certain geographic areas of the state. The lack of e-filing in the lower criminal and civil courts has an outsize impact on the poorest and most under-resourced court users. It also prevents those living in rural areas from benefiting from the time and cost savings that e-filing provides."

### (XII) New York State Unified Court System
### NYSCEF - FAQ

**1. What is the electronic filing system?**
*The New York State Courts Electronic Filing System (NYSCEF) is a means of filing and serving legal documents electronically with various courts, including the Surrogate's Court, Supreme Court and the Court of Claims.*

https://iappscontent.courts.state.ny.us/NYSCEF/live/faq.htm#:~:text=The%20New%20York%20State%20Courts,and%20the%20Court%20of%20Claims.

## (XIII) Part 202 - Uniform Civil Rules for the Supreme Court and the County Court

Most rules pertaining to electronic filing could be found within 22 NYCRR Part 202

## (XIV) UCS Electronic Document Delivery System (EDDS)

In response to the COVID-19 public health emergency and the expansion of "virtual" court operations, the Unified Court System has initiated a new program to transmit digitized documents (in pdf format) to UCS courts, County Clerks, and other court-related offices around the State, commencing on May 4, 2020.

Q: What is EDDS?

The Electronic Document Delivery System ("EDDS") allows users, in a transaction commenced at a UCS web portal, to (1) enter basic information about a matter; (2) upload one or more pdf documents; and (3) send those documents electronically to a court or clerk selected by the user. Upon receipt of the document(s) by the court, the sender will receive an email notification, together with a unique code that identifies the delivery.

## (XV) 43 USC 1983

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the

District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress,...

## (XVI) CASE IN POINT

## Blossick v. MONROE COUNTY DSS, 6 Misc. 3d 621 – NY: Supreme Court, Monroe 2004

At Pg 623 -  The petitioner here did everything necessary under the CPLR to bring his action in a timely fashion. He was prevented from doing so by the clerk's failure to understand and apply the intermeshed provisions of the CPLR as they apply to commencement, special proceedings, [NYSCEF], and the status of litigants without the resources to pay court fees.  …

The plaintiff may proceed while awaiting the determination of the poor person application. …

The court must conclude that the Legislature did not intend to exclude [e filing]...from the provisions of article 11

xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx
xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx

END NOTE:

1) Goto following websites to view others' submitted "No fee authorization letter":
   https://www.docketalarm.com/cases/New_York_State_Albany_C
   ounty_Supreme_Court/909503-23/State_of_New_York_v._Sarah
   _Nadia_Gurley/3/

https://www.plainsite.org/dockets/download.html?id=32755210
6&z=ba422d24

https://www.docketalarm.com/cases/New_York_State_Albany_C
ounty_Supreme_Court/900099-23/State_of_New_York_v._Nana
_Y._Acheampong/3/

Wherefore the petitioner requests that this court issue
declaratory judgment in this matter; reverse all the
respondents' denials said herein; issue an TRO/Injunction
ordering the respondents to immediately file, process, and
present these papers and his papers with case title  caption
Williams v. DFS, et.al. (and all their attachments) before a
Judge for judicial review;  preserve petitioner's right to sek
award for no less than $50,000,000.00, for all incidental
(et.al.) damages & injuries, that he seeks in the instant
matter, and in Williams v. DFS, et.al., and grant any other
relief this court deems is just and fit.

I affirm this 16 day of June, 2024 under the penalties of
perjury under the laws of New York, which may include a
fine or imprisonment, that the foregoing is true, and I
understand that this document may be filed in an action or
proceeding in a court of law.

<div align="right">

Respectfully Submitted

*Jomo Williams*

Jomo Williams
3333 Broadway D10G, NY. NY 10031
nyswebcash@gmail.com
646 377 8066

</div>



 Gmail

ModTech Mgmt <nyswebcash@gmail.com>

## NYSCEF FAILURES AND SABOTAGES

**nyscef** <nyscef@nycourts.gov>                                           Tue, Jun 11, 2024 at 9:48 AM
To: ModTech Mgmt <nyswebcash@gmail.com>

Good morning,

    New York County Supreme court requires for a Poor Person Appliaction to be filed at the court in person,

First. Prior to commencement. Once the order is signed then you can file the signed order and your commancemet

Documents. Should you need more information, contact the County Clerk's office. 646 386 3737/3997

*Erlon Hodge*

Management Analyst – E-Filing Division

NYS Office of Court Administration

25 Beaver Street

New York, NY 10004

(646)386-3033



[Quoted text hidden]

Please be CAREFUL when clicking links or opening attachments from external senders.

## FW: Fax received: jomowilliams [9146] 6 page(s)

| | |
|---|---|
| From: | nyscef (nyscef@nycourts.gov) |
| To: | jomowilliams@ymail.com |
| Date: | Tuesday, June 27, 2023 at 10:13 AM EDT |

Good morning,

Your documents were deleted because of the following reason:

1 - PETITION

Poor Person application cannot be done on NYSCEF. You must obtain a court order granting you poor person status BEFORE you are permitted to file you Petition.
Please contact me at 516 571-4632, per my email to you this morning, so we may assist you further. (ReturnRemoveDocument)

Please call the above number.  Thank you.


Theresa Daniel
Management Analyst - E-Filing Resource Center
NYS Office of Court Administration
25 Beaver Street, 9th Floor
New York, NY 10004
(646) 386-3033



-----Original Message-----
From: 6088070646 <6088070646@fax.nycourts.gov>
Sent: Monday, June 26, 2023 4:49 PM
To: nyscef <nyscef@nycourts.gov>
Subject: Fax received: jomowilliams [9146] 6 page(s)

Fax Message Delivery

Date: 2023-06-26 16:48:35
Job ID: HMBW15851767
DID/DTMF: 9146
Elapsed transmission time: 00:03:14
Line: 27
Pages: 6
Server: 25BOCA-GWFAX
Signal noise: -70
Signal quality: 0
Signal speed: 9600
Signal strength: -12
Receipt status: 0
File size: 214

Please be CAREFUL when clicking links or opening attachments from external senders.


713a7f05I0a73000.tif
214.4kB



**Arturo A. Caesar, MD, P.C.**
**470 Malcom X Blvd, Suite 1P**
**New York, NY 10037**
**347-729-9843**

June 12, 2024

Mr. Jomo Williams has had a cough with tiredness.   He was advised to remain at rest.  He should be able to return to work on June 15, 2024.

If there are any questions, please give me a call on the above number.

ARTURO CAESAR, M.D.
NDRP, PROVIDER #2856.75



# REQUEST FOR JUDICIAL INTERVENTION

UCS-840
(rev. 02/01/2024)

_____ COURT, COUNTY OF _____

Index No: _____    Date Index Issued: _____/_____/_____

| | For Court Use Only: |
|---|---|
| **CAPTION**   Enter the complete case caption. Do not use et al or et ano. If more space is needed, attach a caption rider sheet. | IAS Entry Date |
| JOMO WILLIAMS | |
| *Plaintiff(s)/Petitioner(s)* | Judge Assigned |
| -against- | |
| DFS; NYPD; GEICO - NICO;ENTERPRISE CAR RENTAL; SANTANDER; CCAP;CHRYSLER CAPITAL; FCA US LLC;NYAIP; John/Jane Doe VIDEO CUSTODIANS;John/Jane Doe 1/21/24 DRIVER, *Respondent(s).* Bank of America; DMV; Redmond Firm; LEMONLAW.COM; Access to Justice Commission  Other Interest Parties (CPLR 7802(D) , | RJI Filed Date |

## NATURE OF ACTION OR PROCEEDING    Check only one box and specify where indicated.

**COMMERCIAL**
- ☐ Business Entity (includes corporations, partnerships, LLCs, LLPs, etc.)
- ☐ Contract
- ☐ Insurance (where insurance company is a party, except arbitration)
- ☐ UCC (includes sales and negotiable instruments)
- ☐ Other Commercial (*specify*): _____
  *NOTE: For Commercial Division assignment requests pursuant to 22 NYCRR 202.70(d), complete and attach the COMMERCIAL DIVISION RJI ADDENDUM (UCS-840C).*

**TORTS**
- ☐ Asbestos
- ☐ Environmental (*specify*): _____
- ☐ Medical, Dental or Podiatric Malpractice
- ☐ Motor Vehicle
- ☐ Products Liability (*specify*): _____
- ☐ Other Negligence (*specify*): _____
- ☐ Other Professional Malpractice (specify): _____
- ☐ Other Tort (specify): _____

**SPECIAL PROCEEDINGS**
- ☐ Child-Parent Security Act (*specify*): ☐Assisted Reproduction  ☐Surrogacy Agreement
- ☐ CPLR Article 75 – Arbitration  [see *NOTE* in **COMMERCIAL** section]
- ☑ CPLR Article 78 – Proceeding against a Body or Officer
- ☐ Election Law
- ☐ Extreme Risk Protection Order
- ☐ MHL Article 9.60 – Kendra's Law
- ☐ MHL Article 10 – Sex Offender Confinement (*specify*): ☐Initial  ☐Review
- ☐ MHL Article 81 (Guardianship)
- ☐ Other Mental Hygiene (*specify*): _____
- ☐ Other Special Proceeding (*specify*) HYBRID CONSOLID ART. 78; UCC; CPLR 3001

**MATRIMONIAL**
- ☐ Contested
  *NOTE: If there are children under the age of 18, complete and attach the MATRIMONIAL RJI ADDENDUM (UCS-840M). For Uncontested Matrimonial actions, use the Uncontested Divorce RJI (UD-13).*

**REAL PROPERTY**    Specify how many properties the application includes: _____
- ☐ Condemnation
- ☐ Mortgage Foreclosure (*specify*): ☐Residential  ☐Commercial
  Property Address: _____
  *NOTE: For Mortgage Foreclosure actions involving a one to four-family, owner-occupied residential property or owner-occupied condominium, complete and attach the FORECLOSURE RJI ADDENDUM (UCS-840F).*
- ☐ Partition
  *NOTE: Complete and attach the PARTITION RJI ADDENDUM (UCS-840P).*
- ☐ Tax Certiorari (*specify*): Section:_____ Block:_____ Lot:_____
- ☐ Tax Foreclosure
- ☐ Other Real Property (*specify*): _____

**OTHER MATTERS**
- ☐ Certificate of Incorporation/Dissolution  [see *NOTE* in **COMMERCIAL** section]
- ☐ Emergency Medical Treatment
- ☐ Habeas Corpus
- ☐ Local Court Appeal
- ☐ Mechanic's Lien
- ☐ Name Change/Sex Designation Change
- ☐ Pistol Permit Revocation Hearing
- ☐ Sale or Finance of Religious/Not-for-Profit Property
- ☐ Other (*specify*): CONSUMER CREDIT (NO CARD)

## STATUS OF ACTION OR PROCEEDING    Answer YES or NO for every question and enter additional information where indicated.

| | YES | NO | |
|---|---|---|---|
| Has a summons and complaint or summons with notice been filed? | ☐ | ☑ | If yes, date filed:    _____/_____/_____ |
| Has a summons and complaint or summons with notice been served? | ☐ | ☑ | If yes, date served:    _____/_____/_____ |
| Is this action/proceeding being filed post-judgment? | ☐ | ☑ | If yes, judgment date: _____/_____/_____ |

## NATURE OF JUDICIAL INTERVENTION    Check one box only and enter additional information where indicated.

- ☐ Infant's Compromise
- ☐ Extreme Risk Protection Order Application
- ☐ Note of Issue/Certificate of Readiness
- ☐ Notice of Medical, Dental or Podiatric Malpractice    Date Issue Joined: _____/_____/_____
- ☐ Notice of Motion    Relief Requested: _____    Return Date: _____/_____/_____
- ☐ Notice of Petition    Relief Requested: _____    Return Date: _____/_____/_____
- ☐ Order to Show Cause    Relief Requested: _____    Return Date: _____/_____/_____
- ☐ Other Ex Parte Application    Relief Requested: _____
- ☐ Partition Settlement Conference
- ☐ Poor Person Application
- ☐ Request for Preliminary Conference
- ☐ Residential Mortgage Foreclosure Settlement Conference
- ☐ Writ of Habeas Corpus
- ☑ Other (specify):  ORDER TO SHOW CAUSE; CPLR 1101 APPL.; TRO/INJUNCT AD INTERIM

| RELATED CASES | List any related actions. For Matrimonial cases, list any related criminal or Family Court cases. If none, leave blank. If additional space is required, complete and attach the **RJI ADDENDUM (UCS-840A)**. | | | | |
|---|---|---|---|---|---|
| **Case Title** | **Index/Case Number** | **Court** | **Judge (if assigned)** | **Relationship to instant case** | |
| | | | | | |
| | | | | | |
| | | | | | |

| PARTIES | For parties without an attorney, check the "Un-Rep" box and enter the party's address, phone number and email in the space provided. If additional space is required, complete and attach the **RJI ADDENDUM (UCS-840A)**. | | | |
|---|---|---|---|---|
| **Un-Rep** | **Parties** — List parties in same order as listed in the caption and indicate roles (e.g., plaintiff, defendant, 3rd party plaintiff, etc.) | **Attorneys and Unrepresented Litigants** — For represented parties, provide attorney's name, firm name, address, phone and email. For unrepresented parties, provide party's address, phone and email. | **Issue Joined** — For each defendant, indicate if issue has been joined. | **Insurance Carriers** — For each defendant, indicate insurance carrier, if applicable. |
| ☑ | Name: Role(s): JOMO WILLIAMS PETITIONER | 3333 BROADWAY D10G NY NY 10031 | ☐ YES ☐ NO | |
| ☐ | Name: Role(s): DFS (DEPT OF FINANCE SERV RESPONDENT | NYS ATNY GEN., 163 West 125th Street, Suite 1324. New York NY 10027. 212-364-6010. Noah.Popp@ag.ny.gov | ☐ YES ☐ NO | |
| ☐ | Name: Role(s): NYPD RESPONDENT | NYC LAW DEPT., 100 Church Street New York, NY 10007 Phone: (212) 356-1000, ServiceECF@law.nyc.gov | ☐ YES ☐ NO | |
| ☐ | Name: Role(s): GEICO-NICO RESPONDENT | National Liability & Fire Insurance Company 100 First Stamford Place, Stamford CT 06902 Bruce Byrnes, Vice President, bbyrnes@berkre.com | ☐ YES ☐ NO | |
| ☐ | Name: Role(s): ENTERPRISE RENTAL RESPONDENT | Michael W. Andrew, Chief Legal Enterprise Holdings, Inc., 600 Corporate Park Drive, St. Louis, MO 63105, fax: +1 314-512-5823, E-mail: Mike.Andrew@ehi.com | ☐ YES ☐ NO | |
| ☐ | Name: Role(s): SANTANDER RESPONDENTS | David B. Anders, Wachtell, Lipton, Rosen & Katz 51 West 52nd St., New York, NY 10019 DBAnders@wlrk.com | ☐ YES ☐ NO | |
| ☐ | Name: Role(s): CCAP RESPONDENTS | Santander Holdings USA, Inc., 75 State Street, Boston, Massachusetts 02109, Brian R. Yoshida, Chief Legal Officer, brian.yoshida@santander.us | ☐ YES ☐ NO | |
| ☐ | Name: Role(s): CHRYSLE CAPITAL RESPONDENTS | Santander Consumer USA Holdings Inc., 1601 Elm Street, Suite 800 Dallas, Texas 75201, Christopher Pfirrman, Chief Legal Officer, Email: cpfirrman@santanderconsumerusa.com | ☐ YES ☐ NO | |
| ☐ | Name: Role(s): FCA US LLC RESPONDENTS | Christopher J. Pardi, General Counsel, FCA US LLC 1000 Chrysler Dr CMIS 485-14-96 Auburn Hills, Michigan 48326, christopher.pardi@stellantis.com | ☐ YES ☐ NO | |
| REP. BY NYS AG | Name: Role(s): NYAIP RESPONDENTS | NYAIP REP. BY NYS AG 22 Cortlandt Street Suite 2101 New York, NY 10007-3151 Phone: (212) 943-5100 , Email: nyaip@aipso.com | ☐ YES ☐ NO | |
| ☐ | Name: Role(s): JOHN/JANE DOES RESPONDENTS | UNKNOWN | ☐ YES ☐ NO | |
| ☐ | Name: Role(s): BANK OF AMERICA\ CPLR 7802(D) | LAUREN, ANNE, MOGENSENBOFA, Global General Counsel, 100 N. TRYON STREET, CHARLOTTE, NC 28255 617-434-7016, lauren.mogensen@bofa.com | ☐ YES ☐ NO | |
| ☐ | Name: Role(s): REDMOND FIRM CPLR7802(D) | 80 Broad ST, Suite 1202, New York, NY 10004 646-285-7115, | ☐ YES ☐ NO | |
| ☐ | Name: Role(s): LEMONLAW.COM CPLR7802(D) | Kimmel & Silverman PC, New York Lemon Law Firm 1001 6th Ave 12th floor, New York, NY 10018 | ☐ YES ☐ NO | |
| ☐ | Name: Role(s): ACCESS TO JUSTICE COMM' (CPLR 7802(D) REP. BY NYS AG | Hon. Edwina G. Richardson, Deputy Chief Administrative Judge Access to Justice, 111 Centre Street New York, NY 10013, 646-386-3200, DCAJ-OJI@nycourts.gov REP. BY NYS AG | ☐ YES ☐ NO | |

**I AFFIRM UNDER THE PENALTY OF PERJURY THAT, UPON INFORMATION AND BELIEF, THERE ARE NO OTHER RELATED ACTIONS OR PROCEEDINGS, EXCEPT AS NOTED ABOVE, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION BEEN PREVIOUSLY FILED IN THIS ACTION OR PROCEEDING.**

Dated: 6/11/2024

_____
Signature

JOMO WILLIAMS

_____          _____
Attorney Registration Number                                        Print Name



NYSCEF - New York State Courts Electronic Filing    (Live System)

## Thank You for Filing Electronically

The NYSCEF System has received your e-filed documents. A notification will be e-mailed to you shortly.

Filing Received Date: **06/11/2024 7:09 AM**

Payment: **Fee Waived**

Comment: **CPLR 1101 APPLICATION**

### Case Summary

Short Caption: **JOMO WILLIAMS et al v. DFS et al**

Index #: **Not Assigned**

Court: **New York County Supreme Court**

Case Type: **Special Proceedings - CPLR Article 78**

Add Case to eTrack  |  Case Details  |  Document List

### Notices

You must serve the appropriate Notice of Electronic Filing in hard copy along with your commencement documents, all of which must bear full signatures. Proof of service of these documents must be e-filed as well. NOTE: There are 3 versions of the eFiling Notice, see our Forms page for more information.

[ Confirmation Notice ]

### Documents Filed

| Doc # | Document | Fee |
|---|---|---|
| 1 | PETITION<br>PETITION FOR CPLR 1101 RELIEF | $0.00 |
| 2 | POOR PERSON ORDER (PROPOSED) | $0.00 |
| 3 | APPLICATION TO PROCEED AS A POOR PERSON<br>CPLR 1101 FINACIAL AFFIRM | $0.00 |
| 4 | APPLICATION TO PROCEED AS A POOR PERSON<br>CPLR 1101 FACTS & LAW MEMO AFFIRM | $0.00 |
| 5 | EXHIBIT(S) A<br>EXHIBIT A FOR CPLR 1101 APPL. | $0.00 |
| 6 | EXHIBIT(S) B<br>EXHIBIT B FOR CPLR 1101 APPL. | $0.00 |
| 7 | ORDER TO SHOW CAUSE ( PROPOSED ) | $45.00 |
| 8 | AFFIDAVIT OR AFFIRMATION IN SUPPORT OF PROPOSED OSC/EXPARTE APP | $0.00 |
| 9 | SUPPORTING PAPERS TO OSC (AFTER SERVICE)<br>VERIFIED PETITION<br>FILE THESE PAPERS VIA CPLR 2103(D) OR AFTER EFILING BEEN APPROVED<br>SEE CPLR1101 FACTS APPL | $0.00 |
| 10 | EXHIBIT(S) A<br>EXHIBIT A FOR VERIFIED PET<br>FILE THESE PAPERS VIA CPLR 2103(D) OR AFTER EFILING BEEN APPROVED<br>SEE CPLR1101 FACTS APPL | $0.00 |
| 11 | EXHIBIT(S) B<br>EXHIBIT B FOR (VERIFIED PETITION)<br>FILE THESE PAPERS VIA CPLR 2103(D) OR AFTER EFILING BEEN APPROVED<br>SEE CPLR1101 FACTS APPL | $0.00 |
| 12 | EXHIBIT(S) C<br>EXHIBIT C FOR VERIFIED PET | $0.00 |
| 13 | CONSENT TO EFILING<br>NOTICE OF COMMENCEMENT PREIOUSLY TRANSMITTED TO ALL IN MATTER | $0.00 |
| 14 | ACKNOWLEDGEMENT OF SERVICE<br>PROOF OF E MAIL NOTICING & FILINGS | $0.00 |
| 15 | RJI (AMENDED) | $0.00 |
| 16 | RJI -RE: OTHER<br>RJI, OSC;CPLR1101;CPLR3001;ART.78<br>NYSCEF WONT ACKNOWLEDGE MY RJI UPLOAD | $95.00 |
| 17 | NO FEE AUTHORIZATION (LETTER/ORDER/AFFIRMATION) | $0.00 |
| 18 | INCOME VERIFICATION STATEMENT | $0.00 |
| | Index Fee | + $210.00 |
| | **Total Fees** | **$350.00** |
| | **Total Documents** | **18** |

*All documents open as PDF in new window.*    Get Adobe Reader

**Add Case to eTrack**  •  **Create Another Case**  •  **Home**



The information concerning a name change and the necessary forms can be found [here](#) and Information regarding a fee waiver can be found [here](#). The poor person affidavit would be filed as a *No Fee Authorization Letter* and the proposed order filed separately as *Order (Proposed)*. Also review the FAQ on how to commence a lawsuit. If filing in-person or by mail, the poor person application must be submitted in hard copy with all of the other papers.

## Q. How do I get certified copies of my name change order?

A. Certified copies of a name change order are $5 each. To obtain certified copies, you must mail in a written request, payment (check or money order payable to the **Suffolk County Clerk**) and a post-paid return envelope to **Suffolk County Clerk, Attn: Court Actions, 310 Center Drive, Riverhead, NY 11901**, or come in-person to the facility located at **300 Center Drive, Riverhead, New York 11901**. If a case is sealed, only the party making the name change application may obtain a copy. If the original name of the applicant is ordered to be changed to an anonymous name in the County Clerk's index, the applicant must have the index number for the County Clerk to be able to locate the records.

If you have any additional questions, please email the County Clerk at [courtactions@suffolkcountyny.gov](mailto:courtactions@suffolkcountyny.gov).



The Suffolk County Clerk's Office continues to develop strategies and systems that promote real-time services and facilitate communication and access.

📞 (631) 852–2000

Contact Us

Hours and Holiday Schedule

Address, Directions & Hours

Suffolk County Government, © 2020.

**Text Only**

Select Language

Powered by Google Translate



PRESENT TO: <u>Hon. Edwina G. Richardson</u>
**Deputy Chief Administrative Judge for Justice Initiatives**

NYS SUPREME COURT: emergency@nycourts.gov

—---------------------------------------------------------------------------------x

                                                    EMERGENCY
                                                    EX PARTE

IN THE MATTER OF                              TRO/INJUNCT
     JOMO WILLIAMS., PETITIONER               APPLICATION

—---------------------------------------------------------------------------------X

I, JOMO WILLIAMS, the petitioner, state the following,

 Exhibit attached (that I incorporate herein these four corners) are:

    (a) NYSCEF administrative directives stating that it can not present my

        CPLR 1101 application for judicial considerations

    (b) Proof of NYSCEF, filing; The actual CPLR 1101, application filed with

        NYSCEF (et.al. papers)

<u>FACTS IN SUPPORT EX PARTE TRO/INJUNCTION</u>

1) The Petitioner present this motion to Judge based solely on Judicial

    specialty (Access to the Court) Requesting for all relief he seeks

    herein and attached be reviewed and considered for immediate relief

2) This, nor the attached papers have not been assigned an index yet;

    nor been presented for judicial review; notwithstanding my countless

filing and submissions efforts I made to the NYS UCS, constant since 6/6/2024 date.

3) This matter can not wait for tomorrow or later, as due to (a) the many unjust denials of the stated below have & are wrongfully subjecting my litigation efforts to several statute of limitations and deadline defaults & objections; as well as infringing upon respondents' (named in attached papers) rights to same.

4) This is Writ of Mandamus TRO/Injunction  application requesting that this court compel NYSCEF, to present all the attached papers, I filed with it,  before a Judge for review.

5) This is a Writ of Prohibitions, requesting the NYS UCS, be ceased from continuingly denying me and my litigation efforts access to courts.

6) Due to disabilities, illness, and other hardships I describe in all attached, I am not able to make it down to the court to make physical filing.

7) I have been working on the instant paper for the last 14 and half hours, and counting.

8) For reasons I state below and attached I am being unlawfully denied access to courts by all the NYS UCS' court departments and offices I grieved to from 6/6/2024 to present date.

<u>FACTS IN SUPPORT OF SEVERANCE</u>

9) The Petitioner makes a motion requesting severance of claims for convenience, to avoid prejudice and unnecessary confusion.

10)   From 6/6/24 et. seq., petitioner has been facing much adversity and access to court issues in his efforts to file the underlying case.

11)   Thus his papers submissions gradually stray away from his main legal claims and steered to the ancillary issues that are preventing him from filing and serving papers;  which are denial of court access issues, and other issues unrelated to original underlying matter.

12)   The only way the access to the courts denials and issues mentioned above, relate to the underlying matter is (a) Statutory of limits, or deadline objection are raised in the underlying matter, (b) proof of emotional distress, harm, and other injuries:  in underlying papers the petitioner did raise how the unfair cause for litigation was harming him, wrongfully imprisoning him for months to draw papers, and adversely affecting him in other ways, (c) the relief that he seek to  gain access to the proper tools so he could access the courts to fairly present his claims (tools: CPLR 1101 granted, and provisions to make CPLR 1101, application electronically ; Equal electronic filing & service access to courts; court assignment of counsel)


**<u>FACTS FOR ASSIGNMENT OF CIVIL COUNSEL</u>**

13)   I request that the court review these papers and their attachments to test if they pass the colorable - meritorious test.

14)   I inform this court that I have sent approx more than 3 emailings trying to retain counsel on contingency for the attached matter, and was not able to.

15)   The complexity of the matter is very high in facts, number of parties, relevance laws and authorities, filing and service, unfair litigations, access denials, and in many other ways.

16)   Due to said disability, hours in this litigation cause me to fall behind in all my other matters, present sickness, et.al. adversities I am not able to effectively litigate this matter myself.

## FACTS FOR UNEQUAL ACCESS TO COURTS

17)   Below is a law memo, citing relevant laws to this application; some with relevant fact to relate to instant matter; I must close this in hopes to transmit before the 9 am deadline.

## LAW MEMO

### *N.Y. CPLR 603* Section 603 - Severance and separate trials

In furtherance of convenience or to avoid prejudice the court may order a severance of claims, or may order a separate trial of any claim, or of any separate

issue. The court may order the trial of any claim or issue prior to the trial of the others.

XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

### 1-4:4 Ex Parte Motions

An ex parte motion normally should be heard by the assigned judge or, if none has been assigned, in the court where the action is pending.37 However, CPLR 2212(b) provides that an ex parte motion may be made "to a justice out of court in any county of the state." In theory, the movant can approach any judge in any 34. CPLR 511(b), discussed in Chapter 7, § 7-1:2. 35. Uniform Rule 202.8. 36. See Eric Dash, Weekend Legal Frenzy Between Citigroup and Wells Fargo for Wachovia, N.Y. Times, Oct. 5, 2008. 37. Uniform Rule 202.8. NY_MPH-Forms_Ch01.indd 7 6/23/2021 10:53:52 PM Chapter 1 Introduction to Motion Practice 8 NEW YORK MOTION PRACTICE HANDBOOK county of New York for an ex parte order. Greater flexibility exists because the adversary has no right to be heard in an ex parte proceeding, and therefore is not inconvenienced if the motion—which may involve an emergency application—is heard in a court or locale other than the court where the action is pending, subject to the restriction that any ex parte relief ordered by the judge must issue within the territorial confines of New York State.38

By giving the applicant the option to go to any judge in any county of the State of New York, CPLR 2212(b) invites forumshopping. Uniform Rule 202.7(e), however, limits that forumshopping opportunity by requiring that, if the motion is made in any court other than the one where the action is pending, the judge receiving the application should refer it back to the court where the action is pending, unless that judge determines that there are

exigent circumstances that require an immediate ruling on the relief requested.39

Xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx
xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx

## **UNEQUAL ACCESS TO COURTS**

### **New York Consolidated Laws, Civil Rights Law - CVR § 10. Justice to be administered without favor and speedily**

**Neither justice nor right should be sold to any person, nor denied, nor deferred;  and writs and process ought to be granted freely and without delay, to all persons requiring the same, on payment of the fees established by law.**

XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXX

### **federal, state and local anti-discrimination laws require full and equal access to ALL courts' services, programs or operations**

Accessible-Justice-NYLPI-3-23-15.pdf

Courthouses are legally required to be fully and equally accessible to people with disabilities. Access to the courts is a fundamental right under the U.S. Constitution,7 and **federal, state and local anti-discrimination laws require full and equal access to courts**. These requirements apply to people with mobility impairments who come into contact with all areas of courthouses. Everyone is protected by these regulations, from employees of the court such as judges, court reporters, or court officers, to participants

in litigation such as attorneys, jurors, and defendants, to observers from the general public. These requirements govern public areas of courthouses as well as the areas of the courthouse that are not open to the public, such as holding pens. Federal laws cover courthouses. Title II of the ADA covers state and local governments, referred to as "public entities," and **includes all programs, activities, and services provided or operated by State and local governments**.8 As the Supreme Court held in Tennessee v. Lane, 541 U.S. 509, 534 (2004), the ADA covers state and local courthouses.9 **Entities providing courthouse services, programs or operations** that receive federal funding are also covered by Section. 504 of the Rehabilitation Act.10

As the U.S. Supreme Court observed in Tennessee v. Lane,
the "unequal treatment of disabled persons in the administration of justice has a long history." 541 U.S. 509, 531 (2004)

xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx
xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx

### **NYS UCS PROMOTES A 'DIGITAL DIVIDED' JUSTICE GAP**

On one scale NYS' Lady Justice speaks out rhetoric within her's "2D Technology, the Digital Divide, and Racial and Language Justice"  online slides (See: https://www.nycourts.gov/LegacyPDFS/accesstojusticecommission/DigitalDivideSlides.pdf )

to show her efforts to seek answers and repair the Digital Divide within the access to the courts path;  but on the other scale in this matter, the NYSCEF bridge, which has potential to lessen the Justice GAP in the Digital Divide by connecting bridges,  she instead blockade and obstruct the entrance lane from those who are subjected to the unequal access, from getting onto NYSCEF bridge.

In this litigation matter, I have expressed loud and cleared in my paper submissions how i was facing great adversities, and denials to access to the courts due to existing disabilities, aggravations to disabilities due to coerced exertions brought on by litigation need, financial hardships by the facts of the litigation matter, inability to pay exorbitant costs for litigations, et. al., adversities. So did the NYS USC, grant any of my requests in efforts to assist access of the court. No it did totally the opposite, NYS UCS departments who I reach out to that supposed to specialize on said issue, were totally unresponsive; The NYSCEF system that NYS UCS boast to all lessen litigation cost, and very convenient to do with no traveling, seems in this instant  matter was not made to be lost costly & convenient  for indigent & disabled litigants to enjoy.

NYS UCS provides governmental electronic 'access to court' services to the public via NYSCEF.  However, it only permits those who could afford it access to commence action on NYSCEF, while denying those who apply for CPLR 1101 fee waiver, no  access to commence action (Income discrimination).

Many come knocking on the doors of justice (NYS UCS) for protections from various income discrimination (e.g.: discrimination based on lawful source of income. see infra).

But how can lady justice rule on these income discrimination matters in a non hypocritical manner, when she herself practices, in her own backyard, income discrimination in providing her  governmental access to her courts; by selectively  picking and choosing access based on income?

The blatant written denial of **equal access to court** to commence actions on NYSCEF, is in violation of our 1st and 14th amends of the U.S. Const. Rights; Civil Rights Acts; 42 USC 1983; et. al. laws.

The topic of discriminative access to courts, denials based on different class groups (female; illiterate; and indigency(et. al.) were all brought up in inter alias, **Bound v Smith, Bounds v. Smith, 430 U.S. 817 (1977)**:

At pg 821 (**Women class denied equal access to courts**):

It found that the library plan <u>denied women prisoners the same access rights as men</u> to research facilities. Since there was no justification for this discrimination, the Court of Appeals ordered it eliminated.

At pg 825 (**Illiterate class denied equal access to courts**):

In *Johnson* and *Wolff v. McDonnell, supra,* the issue was whether the <u>access rights of ignorant and illiterate</u> inmates were violated without adequate justification. Since these inmates were unable to present their own claims in writing to the courts, we held that their "constitutional right to help,"
Page 430 U. S. 824
*Johnson v. Avery, supra* at 393 U. S. 502 (WHITE, J., dissenting), required at least allowing assistance from their literate fellows.
… And in *Johnson,* although the petitioner originally requested lawbooks, *see* 33 U.S. at 33 U. S. 484, the Court did not reach the question, as it invalidated the regulation because of its <u>effect on illiterate inmates</u>.


At pg 822 (**Indigent class denied equal access to courts)**:

Thus, in order to prevent "effectively foreclosed access," <u>indigent</u> prisoners must be allowed to file appeals and habeas corpus petitions without payment of docket fees.
*Burns v. Ohio,* 360 U. S. 252, 360 U. S. 257 (1959); *Smith v. Bennett,* 365 U. S. 708 (1961).

At pg 834 (Indigent Class)

similarly, an indigent defendant's right under the Sixth Amendment places upon the State the affirmative duty to provide him with counsel for trials which may result in deprivation of his liberty, *Argersinger v. Hamlin,* <u>407 U. S. 25</u> (1972)

At pg 834 (Prisoner Class):

finally, constitutional principles of <u>due process and equal protection</u> form the basis for the requirement that States expend resources in support of a convicted defendant's right to appeal. *See Douglas v. California, supra; Griffin v. Illinois, supra.*



xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx
xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx

### <u>SPECIAL PRIVILEGES CLASS</u>
### <u>& DENIED ACCESS CLASS</u>
### <u>UNEQUAL COURT ACCESS</u>

<u>Griffin v. Illinois, 351 U.S. 12 (1956)</u>

At pg 19
Such a denial is a misfit in a country dedicated to affording equal justice to all and <u>special privileges</u> to none in the administration of its… law

At pg 34
***<u>[Income] Equal Protection</u>***. -- In finding an answer to that question in the Equal Protection Clause, the Court has painted with a broad brush. It is said that a State cannot discriminate between the "rich" and the "poor" in its system…

xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx
xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx

https://www.nyc.gov/site/cchr/media/source-of-income.page

## **Source of Income Discrimination**

What is discrimination based on lawful source of income?
Discrimination based on lawful source of income is the illegal practice by landlords, owners, and real estate brokers of refusing to rent to current or prospective tenants seeking to pay for housing with housing assistance vouchers, subsidies, or other forms of public assistance.

## **PROPOSE DRAFT  VERSION**
## **OF ABOVE**
## **FOR THE INSTANT MATTER**

What is discrimination based on lawful source of income?
Discrimination based on lawful source of income is the illegal practice by state and local courthouses,  **Entities providing courthouse services, programs or operations** of refusing ACCESS TO THE COURTS, to litigants or prospective litigants seeking to gain equal access to courts with statutory fees waiver,  provisions, orders, vouchers, subsidies,  or other forms of public assistance;

Xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx
xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx

## **Equal Access to the Courts.**
## **RINALDI v. YEAGER, 384 U.S. 305 (1966) AT 319**

This Court has never held that the States are required to establish [ELECTRONIC] avenues of appellate review, but it is now fundamental

that, once established, these avenues must be kept free of unreasoned distinctions that can only impede open and **equal access to the courts.**

**Also see:**
Equal Protection Cases Based on Wealth
By FindLaw Staff | Legally reviewed by Laura Temme, Esq. | Last reviewed July 29, 2022
https://constitution.findlaw.com/amendment14/annotation08.html#courts



The NYS USC,  discriminates against its e filing indigent litigants compared to its brick & mortar indigent litigants  in the price charged for filing admission, **In violation of Civil Rights Law - CVR § 40-f. Discrimination against person or class in price for admission**

The NYS USC , states its price for Brick and Mortar litigant to file papers to commence action are at particular price fees or waiver fee pursuant to CPLR 1101;

NYS USC , states its price for E Filing litigant to file papers to commence action are too at particular price fees or waiver fee pursuant to CPLR 1101;

However when one select the CPLR 1101, waiver fee option given on NYSCEF, and submit it, NYSCEF, returns an E mail stating that same CPLR 1101,  submission can not be entertain by NYS USC via NYSCEF, it must be submitted to NYS USC via Brick & Mortar,

(Note: last year I did not see a CPLR 1101 option on NYSCEF, at all when I was informed CPLR 1101 application must be done at brick & mortar court

(not on NYSCEF); however now in the year of 2024 the option to select CPLR 1101, motion is present on NYSEF, but still being denied to consideration via NYSCEF)

## New York Consolidated Laws, Civil Rights Law - CVR § 40-f. Discrimination against person or class in price for admission

If a person who owns, occupies, manages or controls a building, park, inclosure or other place, opens the same to the public generally at stated periods or otherwise, he shall not discriminate against any person or class of persons in the price charged for admission thereto.   A person violating the provisions of this section is guilty of a misdemeanor.

xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx
xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx

Office of the New York State Attorney General

The Office of the New York State Attorney General promotes equal justice under the law and protects the civil rights of all New Yorkers from discrimination on the basis of race, color, national origin, sex, religion, age, marital status, sexual orientation, gender identity, military status, source of income, or disability. We investigate and prosecute discrimination when we observe a pattern or practice of violations.

**xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx**
**xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx**

**https://www.nycla.org/resource/amicus-brief/constitutionality-of-restrictions-on-federally-funded-legal-services/**

In New York State, 86 percent of civil legal needs of poor households go unmet. NYS Unified Court System, "The Future of Pro Bono in New York" (January, 2004), v. 2 p. 1 ("Pro Bono") http://www.nycourts.gov/ reports/probono/ proBono_Vol2_report.pdf. Similarly, nationwide, approximately four-fifths of the civil legal needs of the poor are unmet. Rhode, "Access to Justice," 69 Fordham L. Rev. 1785 (2001).

xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx
xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx

## N.Y. CPLR 1102 (a) Attorney.

The court in its order permitting a person to proceed as a poor person <u>may assign an attorney.</u>

XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

### *Naranjo v. Thompson*, 809 F.3d 793
### inherent power to make a compulsory appointment

"The inherent power to make a compulsory appointment is also rooted in courts' duty to **maintain the functioning of the civil justice system as a whole**. "" *Naranjo v. Thompson*, 809 F.3d 793, 803 (5th Cir. 2015)

So too with the power to compel attorneys to represent indigent civil rights plaintiffs. The possibility of such an appointment arises only when an indigent plaintiff has **colorable claims that will not receive a meaningful hearing without counsel** (i.e. **exceptional circumstances exist) and when all other options for making an appointment have failed**. Under such conditions, a court cannot carry out its duties without ordering an attorney to take the case. "Even the most dedicated trial judges are bound to overlook meritorious cases without the benefit of an adversary

presentation." *Bounds v. Smith,* 430 U.S. 817, 826, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977).

*Naranjo v. Thompson*, 809 F.3d 793, 803 (5th Cir. 2015)


xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx

### appointment of counsel
### state or federal civil rights actions,

"Moreover, this statute does not cover <u>appointment of counsel</u> in federal habeas corpus or **state or federal civil rights actions**, all of which are encompassed by the <u>right of access</u>." *Bounds v. Smith*, 430 U.S. 817, 828 n.17 (1977)


### Test For Appointed Counsel On 1983 Suits
### Jackson v. County of McLean, 953 F.2d 1070 (7th Cir. 01/15/1992)
### PLN print ISSN: 1075-7678

The court reasoned that "once indigency is established, we believe that [28 USC] 1915(d) [governing requests for appointed counsel] requires a threshold inquiry into the **indigent's efforts to secure counsel.** Accordingly, when deciding whether or not to grant a request for counsel under 1915(d), the district judge must first determine if the indigent has **made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts.**" If this requirement is met, the district court should proceed to consider the rest of the factors for appointing counsel set forth in Maclin v.

Freake, 650 F2d 885 (CA 71981), such as the **merits and complexity of the claim**

xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx
xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx



## Low-Income Americans Face Immense Justice Gap

According to New Legal Services Corporation Report
April 29, 2022, Contact , Carl Rauscher , Director of Communications and Media Relations , rauscherc@lsc.gov, 202-295-1615

Contact Us

WASHINGTON—The Legal Services Corporation (LSC) released a far-reaching new report on the crisis in civil legal aid, "The Justice Gap: The Unmet Civil Legal Needs of Low-income Americans," at a public forum in Washington yesterday.

This is LSC's fourth **Justice Gap** study that documents the volume of civil legal needs faced by low-income Americans, assesses the extent to which they seek and receive help, and measures the shortfall between their civil legal needs and the resources available to address these needs. The deficit between resources and need is called the "justice gap."
The new study reveals that the justice gap is vast. Low-income Americans received no or inadequate legal help for a staggering 92% of all the civil legal problems that impacted them substantially.

These problems are widespread, with 74% of low-income households experiencing at least one in the past year, and 39% experiencing five or more.

XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

WINTER 2019

**How Rising Income Inequality Threatens
 Access to the Legal System**

AUTHOR Robert H. Frank

https://www.amacad.org/publication/how-rising-income-inequality-threatens-access-legal-system

But many people lack the income necessary to pay for legal interventions against unjust treatment, preventing them from meeting basic needs, like protection against <u>financial fraud and abusive relationships</u>. Growing income inequality has made this **<u>justice gap</u>** worse by reducing public funds available for legal aid in real terms, while also making it more difficult for low-income people to make ends meet.

Wherefore I request the grant the petitioner all relief he seeks herein and in attached, et. al. reliefs it deems just and fit.

I affirm this 12 day of June, 2024  under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

Respectfully Submitted

*Jomo Williams*

Jomo Williams
3333 Broadway D10G
NY. NY 10031
nyswebcash@gmail.com
646 377 8066



## Thank You

Your documents have been sent to the court you selected. You will receive an e-mail notification when your
documents have been received. Please use the document(s) ID below when referencing this submission.

Court: **New York County Supreme Court (EDDS)**
Case Type: **Letter Application To Convert to E-Filing**
**Document(s) ID: JMNQKU**

### Information Received

Name: **JOMO WILLIAMS**
Email Address: **nyswebcash@gmail.com**
Phone: **646-377-8066**
Represented Party: **JOMO WILLIAMS**
Party Role: **PETITIONER**
Case Number: **NOT ASSIGNED**
Case Title: **JOMO WILLIAMS V. DFS**
Reason for sending documents: **CPLR 1101 APPLICATION**
Filing: **I would like my document(s) to be filed**
Representation: **I do not have a lawyer**

### Documents Sent

| Document |
|---|
| LETTER APPLICATION TO CONVERT TO E-FILING - (WITH PROOF OF SERVICE) PROOF OF PENDING STATUS |
| LETTER APPLICATION TO CONVERT TO E-FILING - (WITH PROOF OF SERVICE) NYSCEF CPLR 1101 POLICY DIRECTIVE |
| LETTER APPLICATION TO CONVERT TO E-FILING - (WITH PROOF OF SERVICE) LITIGANT'S DOCTOR NOTE |
| LETTER APPLICATION TO CONVERT TO E-FILING - (WITH PROOF OF SERVICE) PROPOSED CPLR ORDER |
| LETTER APPLICATION TO CONVERT TO E-FILING - (WITH PROOF OF SERVICE) PETITION FOR CPLR 1101 RELIEF |
| LETTER APPLICATION TO CONVERT TO E-FILING - (WITH PROOF OF SERVICE) CPLR 1101 FIN DISCLOSURE AFIRM |
| LETTER APPLICATION TO CONVERT TO E-FILING - (WITH PROOF OF SERVICE) CPLR 1101 FACTS & LAW MEMO AFFIRM |
| LETTER APPLICATION TO CONVERT TO E-FILING - (WITH PROOF OF SERVICE) PROOF OF SERVICE 1 |
| LETTER APPLICATION TO CONVERT TO E-FILING - (WITH PROOF OF SERVICE) PROOF OF SERVICE 2 |
| LETTER APPLICATION TO CONVERT TO E-FILING - (WITH PROOF OF SERVICE) PROOF OF SERVICE 3 |
| LETTER APPLICATION TO CONVERT TO E-FILING - (WITH PROOF OF SERVICE) PROOF OF SERVIVE 4 |
| LETTER APPLICATION TO CONVERT TO E-FILING - (WITH PROOF OF SERVICE) PROOF OF SERVICE 5 |



**Receiver Contact Information**

Court: **New York County Supreme Court (EDDS)**
Phone Number: **(646) 386-3033**
Email Address: **edds@nycourts.gov**

**NOTE:** This email address is for correspondence only, no documents will be accepted through this email address.

CASE CAPTION MAGNIFIER

-------------------------------------------------------x

In the Matter of the Application of

 JOMO WILLIAMS,

                          Petitioner(s),

        -against-

DFS; NYPD; GEICO - NICO;
ENTERPRISE CAR RENTAL;
SANTANDER;CCAP; CHRYSLER CAPITAL;
FCA US LLC; NYAIP; John/Jane Doe,

                       Respondent(s)

        -OIP-

BANK OF AMERICA; DMV; REDMOND FIRM;
LEMONLAW.COM; ACCESS TO JUSTICE,
       CPLR 7802 (D) Other Interested Parties.

—------------------------------------------------------x



6/18/24, 7:20 AM    Gmail - NYSCEF Alert: New York - Special Proceedings - CPLR Article 78 - &lt;DOCUMENT REMOVED&gt; (JOMO WILLIAMS et v. …

Case 1:24-cv-04794-PAE-SLC    Document 1    Filed 06/18/24    Page 64 of 88



ModTech Mgmt &lt;nyswebcash@gmail.com&gt;

## NYSCEF Alert: New York - Special Proceedings - CPLR Article 78 - &lt;DOCUMENT REMOVED&gt; (JOMO WILLIAMS et al v. DFS et al)

1 message

**efile@nycourts.gov** &lt;efile@nycourts.gov&gt;                                    Mon, Jun 17, 2024 at 3:10 PM
To: nyswebcash@gmail.com



# New York County Supreme Court
# DOCUMENT REMOVED FROM CASE/DOCKET
# 06/17/2024

**Reason for Removing:** The Petition and associated documents filed as documents #1- #18 were filed in error. This should be a hard copy filing. Therefore, these documents are being removed from the record and no refund is due. Please note: The Poor Person Order must be signed by a Judge before documents are filed. Please contact the Pro-se office at 646-386-3025 or email SFC-helpcenterny@nycourts.gov for further assistance. Once your poor person Order has been signed you may purchase an Index number from room 141B. Thank you and have a great day.

## Case Information

Index #: **Not Assigned**
Caption: **JOMO WILLIAMS et al v. DFS et al**
eFiling Status: **Waiting for Index Number**
Assigned Case Judge: **No Judge Assigned**

## Documents Removed on 06/17/2024 03:10 PM

| Doc # | Document | Filed Date |
|---|---|---|
| 1 | PETITION <br> PETITION FOR CPLR 1101 RELIEF | 06/11/2024 |
| 10 | EXHIBIT(S) <br> EXHIBIT A FOR VERIFIED PET | 06/11/2024 |
| 11 | EXHIBIT(S) <br> EXHIBIT B FOR (VERIFIED PETITION) | 06/11/2024 |
| 12 | EXHIBIT(S) <br> EXHIBIT C FOR VERIFIED PET | 06/11/2024 |
| 13 | CONSENT TO EFILING <br> NOTICE OF COMMENCEMENT PREIOUSLY TRANSMITTED TO ALL IN MATTER | 06/11/2024 |
| 14 | ACKNOWLEDGEMENT OF SERVICE <br> PROOF OF E MAIL NOTICING & FILININGS | 06/11/2024 |
| 15 | RJI (AMENDED) | 06/11/2024 |
| 16 | RJI -RE: OTHER <br> RJI, OSC;CPLR1101;CPLR3001;ART.78. | 06/11/2024 |
| 17 | NO FEE AUTHORIZATION (LETTER/ORDER/AFFIRMATION) | 06/11/2024 |
| 18 | INCOME VERIFICATION STATEMENT | 06/11/2024 |
| 2 | POOR PERSON ORDER (PROPOSED) | 06/11/2024 |
| 3 | APPLICATION TO PROCEED AS A POOR PERSON <br> CPLR 1101 FINACIAL AFFIRM | 06/11/2024 |
| 4 | APPLICATION TO PROCEED AS A POOR PERSON <br> CPLR 1101 FACTS & LAW MEMO AFFIRM | 06/11/2024 |
| 5 | EXHIBIT(S) <br> EXHIBIT A FOR CPLR 1101 APPL. | 06/11/2024 |
| 6 | EXHIBIT(S) <br> EXHIBIT B FOR CPLR 1101 APPL. | 06/11/2024 |
| 7 | ORDER TO SHOW CAUSE ( PROPOSED ) | 06/11/2024 |

| 8 | AFFIDAVIT OR AFFIRMATION IN SUPPORT OF PROPOSED OSC/EXPARTE APP | 06/11/2024 |
| 9 | SUPPORTING PAPERS TO OSC (AFTER SERVICE) VERIFIED PETITION | 06/11/2024 |

## E-mail Notifications Sent

| Name | Email Address |
|------|---------------|
| JOMO WILLIAMS | nyswebcash@gmail.com |

## Filing User

**JOMO WILLIAMS** | nyswebcash@gmail.com | 3333 BROADWAY APT D10G, NEW YORK, NY  10031

**NOTICE:** This e-mail is intended only for the named recipient and for the purposes of the New York State Courts E-Filing System. If you are neither the intended recipient nor a person designated to receive messages on behalf of the intended recipient, notify the sender immediately.

**If you are unsure of the contents or origin of this email, it is advised to NOT click on any links provided. Instead, log into your NYSCEF account to access the documents referred to in this email. Thank you.**

6/18/24, 7:20 AM    Gmail - EDDS Document Returned: New York County Supreme Court (EDDS) - Letter Application To Convert to E-Filing<LETTER ...

Case 1:24-cv-04794-PAE-SLC    Document 1    Filed 06/18/24    Page 66 of 88



ModTech Mgmt <nyswebcash@gmail.com>

---

### EDDS Document Returned: New York County Supreme Court (EDDS) - Letter Application To Convert to E-Filing<LETTER APPLICATION TO CONVERT TO E-FILING - (WITH PROOF OF SERVICE)>

2 messages

---

**edds@nycourts.gov** <edds@nycourts.gov>
To: edds@nycourts.gov, nyswebcash@gmail.com

Mon, Jun 17, 2024 at 4:10 PM



# New York County Supreme Court (EDDS)
# DOCUMENT RETURNED FOR CORRECTION
# 06/17/2024

Regarding Document(s) ID M3CVEF, the court has **not accepted the document(s)** you sent for the following reason:
Letter Applications to convert a case can only be filed for existing paper cases. Please submit with an index number or purchase your index with room 141B..

**If instructed to resend a new document, you must start the process from the beginning.**

IMPORTANT: If you are re-sending a document that you have already paid for, you must choose the "Fee Already Paid" option and include the original Document(s) ID that was sent to you with the original submission or you may be charged again.

## Sender Information

Document(s) ID: M3CVEF
Index Number: **NOT ASSIGNED**
Case Title: **JOMO WILLIAMS V. DFS**
Name: **JOMO WILLIAMS**
Organization/Agency/Firm Name:
Represented Party: **JOMO WILLIAMS**
Party Role: **PETITIONER**
Phone Number: **646-377-8066**
Email Address: **nyswebcash@gmail.com**
Reason for Sending Documents: **Letter Application to Convert Pending Action to E-Filing**

## Documents Returned on 06/17/2024 04:10 PM

| Document | Filed Date |
|---|---|
| LETTER APPLICATION TO CONVERT TO E-FILING - (WITH PROOF OF SERVICE) | 06/13/2024 |
| LETTER APPLICATION TO CONVERT TO E-FILING - (WITH PROOF OF SERVICE) PROOF OF PENDING STATUS | 06/13/2024 |
| LETTER APPLICATION TO CONVERT TO E-FILING - (WITH PROOF OF SERVICE) PROOF OF SERVICE | 06/13/2024 |

## Receiver Contact Information

Name: **New York County Supreme Court (EDDS)**
Phone Number: **(646) 386-3033**
Email Address: **edds@nycourts.gov**
Note - this email address is for correspondence only - No documents will be accepted through this email address.

**NOTE:** The sending and/or receipt of any documents through the courts Electronic Document Delivery System (EDDS) does not constitute service upon any other party.

---

**edds@nycourts.gov** <edds@nycourts.gov>

Mon, Jun 17, 2024 at 4:11 PM

To: edds@nycourts.gov, nyswebcash@gmail.com



**New York County Supreme Court (EDDS)**
**DOCUMENT RETURNED FOR CORRECTION**
**06/17/2024**

Regarding Document(s) ID JMNQKU, the court has **not accepted the document(s)** you sent for the following reason:
Letter Applications to convert a case can only be filed for existing paper cases. Please submit with an index number or purchase your index with room 141B..

**If instructed to resend a new document, you must start the process from the beginning.**

IMPORTANT: If you are re-sending a document that you have already paid for, you must choose the "Fee Already Paid" option and include the original Document(s) ID that was sent to you with the original submission or you may be charged again.

## Sender Information

Document(s) ID: JMNQKU
Index Number: **NOT ASSIGNED**
Case Title: **JOMO WILLIAMS V. DFS**
Name: **JOMO WILLIAMS**
Organization/Agency/Firm Name:
Represented Party: **JOMO WILLIAMS**
Party Role: **PETITIONER**
Phone Number: **646-377-8066**
Email Address: **nyswebcash@gmail.com**
Reason for Sending Documents: **CPLR 1101 APPLICATION**

## Documents Returned on 06/17/2024 04:11 PM

| Document | Filed Date |
|---|---|
| LETTER APPLICATION TO CONVERT TO E-FILING - (WITH PROOF OF SERVICE) | 06/13/2024 |
| LETTER APPLICATION TO CONVERT TO E-FILING - (WITH PROOF OF SERVICE) PROOF OF PENDING STATUS | 06/13/2024 |
| LETTER APPLICATION TO CONVERT TO E-FILING - (WITH PROOF OF SERVICE) NYSCEF CPLR 1101 POLICY DIRECTIVE | 06/13/2024 |
| LETTER APPLICATION TO CONVERT TO E-FILING - (WITH PROOF OF SERVICE) LITIGANT'S DOCTOR NOTE | 06/13/2024 |
| LETTER APPLICATION TO CONVERT TO E-FILING - (WITH PROOF OF SERVICE) PROPOSED CPLR ORDER | 06/13/2024 |
| LETTER APPLICATION TO CONVERT TO E-FILING - (WITH PROOF OF SERVICE) PETITION FOR CPLR 1101 RELIEF | 06/13/2024 |
| LETTER APPLICATION TO CONVERT TO E-FILING - (WITH PROOF OF SERVICE) CPLR 1101 FIN DISCLOSURE AFIRM | 06/13/2024 |
| LETTER APPLICATION TO CONVERT TO E-FILING - (WITH PROOF OF SERVICE) CPLR 1101 FACTS & LAW MEMO AFFIRM | 06/13/2024 |
| LETTER APPLICATION TO CONVERT TO E-FILING - (WITH PROOF OF SERVICE) PROOF OF SERVICE 1 | 06/13/2024 |
| LETTER APPLICATION TO CONVERT TO E-FILING - (WITH PROOF OF SERVICE) PROOF OF SERVICE 2 | 06/13/2024 |
| LETTER APPLICATION TO CONVERT TO E-FILING - (WITH PROOF OF SERVICE) PROOF OF SERVICE 3 | 06/13/2024 |
| LETTER APPLICATION TO CONVERT TO E-FILING - (WITH PROOF OF SERVICE) PROOF OF SERVIVE 4 | 06/13/2024 |
| LETTER APPLICATION TO CONVERT TO E-FILING - (WITH PROOF OF SERVICE) PROOF OF SERVICE 5 | 06/13/2024 |

[Quoted text hidden]



At **TRIAL TERM PART** _____

Of the Supreme Court of the ☐ ···· County Courthouse
☐ 60 CENTRE STREET, NY ·, New York 10451
This _____ day of _____ 201____

**PRESENT; Hon**. _____,
                        **Justice**

--------------------------------------------------------------------------x    **POOR PERSON ORDER**
    JOMO WILLIAMS                                                                **CPLR 1101**

                              Petitioner / Plaintiff,

            **- against -**
    NYS DFS, ET.AL.

                              Respondent / Defendant
--------------------------------------------------------------------------x

        Upon reading and filing the affidavit of the Petitioner / Plaintiff sworn to the 6/10/24
day of _____ 201____, and due deliberation having been had thereon, it is;

        **ORDERED**, that the application of the Petitioner / Plaintiff for leave to proceed as a poor person is approved, and all fees and costs relating to the filing of the Summons with Notice or the Summons and Complaint and the subsequent Request for Judicial Intervention (RJI) are waived.

                              (OR)

        **ORDERED**, that the application of the Petitioner / Plaintiff for leave to proceed as a poor person is denied, and unless the Petitioner / Plaintiff pays the statutory Index Number fee within 120 days from the date of this order, the action is deemed dismissed without prejudice.

                              **ENTER:**

                                        _____
                                                 J.S.C.

_____,                    _____

JOMO WILLIAMS, Petitioner

-against-

DFS; NYPD; GEICO - NICO;ENTERPRISE CAR RENTAL;
SANTANDER; CCAP;CHRYSLER CAPITAL; FCA US LLC;
NYAIP; John/Jane Doe VIDEO CUSTODIANS; John/Jane Doe
Respondent(s).
Other Interested parties (CPLR 7802 (D):
Bank of America (lien holder); DMV;
Redmond Firm  (lawyers for Car's 1/21/24 Occupants)<sub>x</sub>

**PETITION FOR
CPLR 1101 RELIEF**

PLEASE TAKE NOTICE that upon the  instant  Petition of    **JOMO WILLIAMS**

_____
_____ **[your name(s).**Affirmed to on    6/10/24

_____, 20___

[_____.], and the attached exhibits, petitioner(s) will, at 9:30 AM on the _____

day of _____, 20___, **[return date]** at the Courthouse at 60 Centre Street,

New York, N.Y. in the Motion Submission Part Courtroom, Room 130, request that this court issue a

judgment, pursuant to the Civil Practice Law and Rules (CPLR), granting the following relief to the

petitioner(s):

**[briefly describe what you are asking the Court to do]**

1) File and assigned index number

2) Grant CPLR 1101 relief (waiver or reduction)

3) Permit petitioner to all papers electronically via CPLR 2103(d) and/or NYSCEF

4) Grant Attached TRO/INJUNCT request seek stay in BOFA auto loan collection.

5) Allow petitioner to split commencing filing and subsequent file to reduce hard copy service cost.

6) Render Declaratory Judgement, that the Permanent Commission Access to Justice

collaborate on the access to justice issues,in this very matter,  including expanded pro bono services
and help for unrepresented litigants; and perform such further and additional functions as may

be deemed appropriate and necessary to fulfill its mandate to help assure adequate legal assistance in
the instant civil legal proceedings.
and such other and further relief as to this Court may seem just and proper.

Dated:  _JUNE  10_____, 20_24_

Respectfully submitted,

_JOMO WILLIAMS_ (signature)

JOMO WILLIAMS
3333 BROADWAY D10G
NY, NY, 10031

_____
DFS; NYPD; GEICO - NICO;
ENTERPRISE CAR RENTAL; SANTANDER;
CCAP;CHRYSLER CAPITAL; FCA US LLC;
NYAIP; John/Jane Doe VIDEO CUSTODIANS;
John/Jane Doe 1/21/24 DRIVER,
Respondent(s).
Other Interested parties (CPLR 7802 (D):
Bank of America (lien holder); DMV;
Redmond Firm
(lawyers for Car's 1/21/24 Occupants),
_____

To: Respondent(s)

Petitioner

PRESENT: HON. _____

Justice of the Supreme Court

---------------------------------------------------x        Index Number

In the Matter of the Application of

 JOMO WILLIAMS,

                              Petitioner(s),

                    - against -                    ORDER TO SHOW CAUSE

DFS; NYPD; GEICO - NICO;                   IN A SPECIAL PROCEEDING
ENTERPRISE CAR RENTAL; SANTANDER;                    HYBRID
CCAP;CHRYSLER CAPITAL; FCA US LLC;          CPLR art. 78; UCC;
NYAIP; John/Jane Doe VIDEO CUSTODIANS;        AND CPLR 3001
John/Jane Doe 1/21/24 DRIVER,
                              Respondent(s).
Other Interested parties (CPLR 7802 (D):        AFFIRM IN SUPPORT
Bank of America (lien holder); DMV;                    OF
Redmond Firm                              PETITION FOR CPLR1101
(lawyers for Car's 1/21/24 Occupants),
-------------------------------------------------------x

I, Jomo Williams, the above named petitioner, state following:

1) All known named respondents in the above case caption are big major

entities and conglomerates that must be represented in court by legal

counsel.

2) Counsels without exemptions must file via NYSCEF in matters

3) In 2023 (yr) The PetItioner's CPLR 1101, application was denied and deleted by NYS UCS; reason given was that CPLR 1101 Applications are not permitted to be filed via NYSCEF (see attached Tuesday, June 27, 2023 at 10:13 AM EDT, dated email from NYS UCS to Petitioner).

4) Also the petitioner has been ill, and displaying symptoms that barred him from entering the court house (see attached TRO appl.).

5) Thus on 6/6/24 Petitioner made applications to Emergency@nycourts.gov, and also to: ADA@nycourts.gov; ig@nycourts.gov; cc-nyef@nycourts.gov ; newyorkef@courts.state.ny.us; edds@nycourts.gov; nyscef@nycourts.gov; for guidance and relief from court access obstructions & denials, to address the CPLR 1101 and court barred issues, that the petitioner was facing (see attached).

6) To date the petitioner received no guidance or relief he sought above.

7) If any statute of limitations passed in this matter (notwithstanding the petitioners' diligence and efforts) caused by litigant's (hopeful temporary) incapacities and barring from entering courthouse; law office failures; NYSCEF's technical failures & discriminations that refuse to accept CPLR 1101 applications for filing; no guidance and provisions made in respect & response to Petitioner's 6/6/24, et.seq applications to NYS UCS;   and

other denials and obstructions to court access; the petitioner request be extended or tolled.

8) The petitioner had transmitted his ex parte applications, complaints of fraud and abuse (et.al. papers) via email communications , upon all known parties  in effort to notice all parties of interest.

9) None of the private entities or conglomerates in this matter had within 24 hours of service, provided the petitioner with any electronic confirmation or acknowledgement in this matter (or under their own policies to address consumers' abuse/fraud complaints)  that all above (and attached) said notices  had been effectuated.

10) The petitioner request in the attached  petition for CPLR 1101, relief that papers be separated for filing in efforts to reduce costs in serving hard copies if ordered by court;

11) The instant matter of fraud, abuse, and deceptions, have brought unjust financial hardship; and oppression upon the Petitioner;

12) The petitioner has hundreds of legal documents made in this instant litigation matter that he already emailed to respondents;

 13) Lemonlaw.com said it was approx. 400 papers, I had emailed; and approx. 15 known parties are named in caption (plus uncounted unknown parties); thus 400 X 15 = 6000 papers, at 25 cents a copy, 6000 X .25 =

$1500 in copy costs cost alone; and additionally service process agent cost to serve same 6000 papers could range from $100 - $200 per party; thus 15 parties X $100/$200 = $1500/$3000 for service process; thus totally $3000 to $4500, to copy and serve papers upon respondents (way beyond petitioner's budget).

14) The NYS CT Rules , distinguish commencing papers and subsequent papers , and how the cost of the two can be served via hard copy and electronically.

15) Also allowing the CPLR 1101, petitioner to serve & file all his papers will be congruent, harmonious, and coincide with NYS UCS's initiatives, rules, and its Report of the Chief Administrative Judge, to the Legislature, the Governor, and the Chief Judge of the State of New York on Electronic Filing, in the New York State Courts (excerpts in below law memo).

16) I refute and object to NYS USC's, reference of Petitioner's diligent efforts to notice, serve, and file all pursuant to law as an "Chain letter"

17) The statute CPLR 1101, is derogatory and offensive and needs modification; it seems that in a field or industry that demands a reputation for being highly eloquent and beyond average intelligent, would had long ago reworded that statute (unless it intended to keep it offensive); the statute matters well read "Poor Trailer trash Relief"; the statute for that relief

could be articulated more eloquently, as everyone that apply for it is not "poor", it just the price and cost for justice is so high"; maybe spin the name off the "Affordable Care Act", like the "Affordable Justice Act".? CPLR 1101, needs to be sanitized and modernized, not by just painting it facade with a new coat of paint, but also by demolishing it and building a whole new structure from the bottom up from scratch that effectively work from the inside out (e.g.: legal aid services are too overworked and underpaid with impossible caseloads to be truly effective; Since 2004 (yr) I long advocated and petition our 3 branches of government (countless times) to grant, to all needing,  electronic access to the courts to reduce the cost for court access,  and too the corruptions that obstruct justice (mail interferences, refusals to give reject filing receipt, documents thefts from court files (stealing justice);   as well as to  mandated a Civil Gideon provision or program}; CPLR 1101, is a prime candidate for  Eastern Washington Congresswoman Cathy McMorris Rodgers (WA-05), to put on her list to support her "**Word Matters Act**"; no one should have to be insulted repeatedly and reminded of their unfortunate conditions & status to gain court access by having judges and court administrators shouting out loud from the top of their lungs "POOR PERSON!!!" , "Here another poor person application for you", etc.,

# LAW MEMO

### CPLR 321 (a)

Appearance in person or by attorney.   A party, other than one specified in section 1201 of this chapter, may prosecute or defend a civil action in person or by attorney, <u>except that a corporation or voluntary association shall appear by attorney</u>,...

### 202.5-bb (b)(3)  Electronic Filing in Supreme Ct; Mandatory Program.

A party served by electronic means shall, within 24 hours of service, provide the serving party or attorney with an electronic confirmation that the service has been effected.

### CPLR 321 (c) Incapacitated

(c) Death, removal or disability of attorney. If an attorney dies, becomes physically or mentally incapacitated, or is removed, suspended or otherwise becomes disabled at any time before judgment, no further proceeding shall be taken in the action against the party for whom he appeared, without leave of the court, until thirty days after notice to appoint another attorney has been served upon that party either personally or in such manner as the court directs.

### Uniform Civil Rules For The Supreme Court & The County Court, PART 202.5-b (i) Technical Failures

(i) Technical Failures. The NYSCEF site shall be considered to be subject to a technical failure on a given day if the site is unable to accept filings or provide access to filed documents continuously or intermittently over the course of any period of time greater than one hour after 12:00 noon of that day. Notice of all such technical failures shall be provided on the site. When e-filing is hindered by a technical failure, a party may file with the appropriate clerk and serve in hard copy. With the exception of deadlines that by law cannot be extended, **the time for filing of any document that is delayed due to technical failure of the site shall be extended for one**

**day for each day on which such failure occurs, unless otherwise ordered by the court.** In the event an attorney or party shall file and serve documents in hard copy pursuant to this paragraph, each such document shall include the notice required by paragraph (1) of subdivision (d) of this section, and the filer shall file those documents with the NYSCEF site within three business days after restoration of normal operations at that site.

## New York Consolidated Laws, Civil Practice Law and Rules - CVP § 2005. Excusable delay or default

Upon an application satisfying the requirements of subdivision (d) of section 3012 or subdivision (a) of rule 5015, the court shall not, as a matter of law, be precluded from exercising its discretion in the interests of justice to excuse delay or default resulting from law office failure.

## CPLR 2103 (D)

Filing.   If a paper cannot be served by any of the methods specified in subdivisions (b) and (c), service may be made by filing the paper as if it were a paper required to be filed.

## ELECTRONIC FILING
## 2018 Report of the Chief Administrative Judge
## to the Legislature, the Governor, and the
## Chief Judge of the State of New York

**Convenience.** A case can be commenced and subsequent documents can be filed with the court and served on opposing parties via NYSCEF from any place with Internet access at any time on any day, even when the courthouse is closed. E-filing makes case files accessible online to counsel of record at any time and anywhere and allows counsel immediate access to newly-filed papers.
**Efficiency and Productivity**. E-filing streamlines the mechanics of litigation. The system provides immediate e-mail notification and delivery of

all filings, including court orders, judgments, and decisions, which are available online. In addition, the system automatically serves papers on all participating parties and thereby relieves attorneys and litigants of this burden.

**Cost**. E-filing offers significant cost savings to attorneys, litigants, County Clerks and the courts. For attorneys and litigants, it eliminates the cost of serving hard-copy papers on opposing parties. For attorneys, the courts, and County Clerks, it sharply reduces record storage and retrieval costs.

**Environment**. E-filing is a green initiative that not only saves vast quantities of paper each year but also sharply reduces the need to travel for the purpose of serving, filing, or retrieving papers. E-filing is one of the most successful projects, and certainly one of the most important, ever undertaken by the New York State Unified Court System ("UCS"). E-filing is transforming very much for the better the way attorneys conduct litigation and the way the courts and County Clerk offices operate. More transformation is on the horizon.

## Cost Savings

Other commentators spoke of the many opportunities for cost savings that e-filing offers, including the elimination of the burden and cost of serving papers on opposing parties, reduced need to travel to a courthouse to file papers, and reduced document storage and retrieval costs. Among such comments are the following:

"Electronic filing has saved time and expense
for both clerk staff and our clients, and
has dramatically increased accessibility to
records by the public. Continued expansion of
electronically filed record types will help grow
those benefits."

Hon. Adam J. Bello, County Clerk, Monroe County

## Environmental Impact

A number of commentators emphasized the "obvious environmental benefits of e-filing,"25 as a result of a reduction in the paper consumed by

litigation and the reduced need to travel for the purpose of filing and serving papers. Among the comments about e-filing as a "green" initiative are the following:

"Speaking as a small law firm user, [e-filing] has truly made our operations run more efficiently. . . .[A]nd our carbon footprint has been reduced…."

David Arpino, Esq.

## CHAIN LETTER DEFINED

From Wikipedia, the free encyclopedia

A chain letter is a message that attempts to convince the recipient to make a number of copies and pass them on to a certain number of recipients. The "chain" is an exponentially growing pyramid (a tree graph) that cannot be sustained indefinitely.

Common methods used in chain letters include emotionally manipulative stories, get-rich-quick pyramid schemes, and the exploitation of superstition to threaten the recipient. Originally, chain letters were letters sent by mail; today, chain letters are often sent electronically via email, social network sites, and text messages.

## McMorris Rodgers, Pocan Introduce
## *Words Matter Act* to Eliminate Derogatory Language from U.S. Code

**"This bill just makes sense," said Pocan. "Federal law should reflect the time in which we live and not include harmful words or slurs. The Words Matter Act will modernize our laws, and remove offensive language from the U.S. Code. I thank my colleagues from both sides of the aisle for joining this effort to update our laws in a manner that is respectful of every American. I look forward to this bill's immediate passage so we can retire this language once and for all."**

Cathy previously supported and helped pass *Rosa's Law* through the House of Representatives, which struck "mental retardation" from federal law when President Obama signed it in 2010. Unfortunately, it did not remove the equally offensive term "mentally retarded," which this bill will do to help bring federal law into the 21st Century.

## ROSA LAW (EXCERPT)

SEC. 2. INDIVIDUALS WITH INTELLECTUAL DISABILITIES. (a) HIGHER EDUCATION ACT OF 1965.—Section 760(2)(A) of the Higher Education Act of 1965 (20 U.S.C. 1140(2)(A)) is amended by striking "mental retardation or". (b) INDIVIDUALS WITH DISABILITIES EDUCATION ACT.— (1) Section 601(c)(12)(C) of the Individuals with Disabilities Education Act (20 U.S.C. 1400(c)(12)(C)) is amended by striking "having mental retardation" and inserting "having intellectual disabilities".

## Secretary Haaland Takes Action to Remove Derogatory Names from Federal Lands

*Secretarial Orders declare "squaw" a derogatory term, create Reconciliation in Place Names advisory committee to identify and replace additional derogatory names* 11/19/2021, Last edited 02/07/2024, Date: Friday, November 19, 2021, Contact: Interior_Press@ios.doi.gov

## Governor Kathy Hochul
## Legislationa (S.6744/A.7981) & (S.1522/A.1296)

Governor Kathy Hochul today signed legislation to protect the rights of students in New York by **eliminating a sexist and racist term from certain sections of education law**. Legislation (S.6744/A.7981) is intended to address the stigma and historical racial bias of being labeled 'incorrigible' by removing the term from reference in education law.

Legislation S.1522/A.1296 Replaces the Phrases 'Feminine Hygiene Products' and 'Sanitary Napkins' with 'Menstrual Products'

### Assemblymember Karines Reyes said,

"Unfortunately, many of our state's laws are still riddled with implicit bias against the very people that we are trying to help or protect.

**https://en.wikipedia.org/wiki/White_trash**
The use of the term provides middle- and upper-class whites a means of distancing themselves from the poverty and powerlessness of poor whites, who cannot enjoy those privileges, as well as a way to disown their perceived behavior.

<u>Socioeconomic Status and Classism in Language</u>

<u>Pratt  Institute Libraries</u>

Those who grew up in or currently live in places with few resources understand that words that describe socioeconomic status influence the way a person or their community is viewed and how they view themselves. Using language that maintains the dignity of individuals and communities and not laying blame on populations is pivotal. Language that talks down to individuals from lower socioeconomic backgrounds perpetuates **classism**.

(APA, 2019a; Lott & Bullock, 2007).

| Terms to Avoid | Suggested Alternatives | Comments |
|---|---|---|
| The poor<br>low-class people<br>poor people | People whose incomes are below the federal poverty threshold | Many people find the terms "low-class" and "poor" pejorative. |
| | People who self-reported incomes were in the lowest income bracket | Use person-first language instead. |

|  |  | Define income brackets and levels, if possible. |
|---|---|---|
| Inner city, ghetto | Under-resourced | Avoid terms that describe people who come from urban environments/cities negatively, as it assumes these environments are not good places to live. |
| Working poor | Hardworking, working hard to make ends meet | "Working poor" has negative associations with it and blames low-income people on themselves. |
| The hungry | Food insecurity, food poverty, and hunger | Describe their lack of access to food, rather than defining people by their traits. |

NOTE: Worked on this petition approx 5 hrs. and Approx. 5:30 am found the below cite: (Nice to know they are already on it (thus this supports Advisory).

**Report of the Advisory Committee on Civil Practice to the
Chief Administrative Judge of the Courts of the State of New York January 2024**

. Amending the Motion for "Poor Persons Relief" to Motion for Fee Waiver (CPLR 1101) This is one in a series of measures being introduced at the request of the Chief Administrative Judge upon the recommendation of the Advisory Committee on Civil Practice. This measure would amend CPLR 1101 to eliminate the title of motion for permission to proceed as a poor person and redesignate this provision as a motion for fee waiver. The designation of individuals with insufficient means to prosecute or defend a legal action as "poor persons" is a highly outdated, pejorative, and often inaccurate legal term. This measure recommends amending the title of CPLR 1101 to clearly and accurately reflect the purpose this provision, which is making a motion to waive costs, fees and expenses. Furthermore,

it is recommended that the classification property calculated in determining fee waiver status, in addition to income and assets, is clarified as real property owned by the moving party.

## Permanent Commission on Access to Justice

The Permanent Commission also has ongoing responsibility to study, analyze and develop recommendations on all aspects of civil legal services for low-income New Yorkers; to issue recommendations providing for improved and increased access; and to **collaborate on access to justice issues, including expanded pro bono services and help for unrepresented litigants.**

## N.Y. Comp. Codes R. & Regs. Tit. 22 § 51.1

(e) The Commission shall issue annual reports to the Chief Judge containing its findings and recommendations. The Commission may also issue additional reports, hold conferences, and **perform such further and additional functions as may be deemed appropriate and necessary to fulfill its mandate to help assure adequate legal assistance in civil legal proceedings.**

Wherefore the petitioner requests that this court grant him all relief state in Affirmation for this petition; in all attached papers; and any other relief that this court deems is just and fit.

I affirm this 10 day of jUNE, 2024, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

RESPECTFULLY SUBMITTED

*Jomo Williams*

Jomo Williams

3333 Broadway D10G

NY, NY

10031

EMAIL: nyswebcash@gmail.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------------x
In the Matter of the Application of

JOMO WILLIAMS
_____,
**[your name]**                              Plaintiff(s)/Petitioner(s),

**Index Number**

FINANCIAL DISCLOSURE

AFFIRMATION IN SUPPORT OF
   APPLICATION TO PROCEED
   AS A POOR PERSON

- against -

DFS; NYPD; GEICO – NICO, ENTERPRISE CAR RENTAL; SANTANDER;; CCAP;CHRYSLER CAPITAL; FCA US LLC; NYAIP; John/Jane Doe
VIDEO CUSTODIANS; John/Jane Doe..;
Other Interested parties (CPLR 7802 (D);Bank of America (lien holder); DMV;Redmond Firm (lawyers for Car's 1/21/24 Occupants; LEMONLAW.COM
**[fill in name(s)]**                   Defendant(s)/Respondent(s)
-----------------------------------------------------------------------------x
STATE OF NEW YORK)
COUNTY OF NEW YORK)              ss:

**[Your name]** JOMO WILLIAMS _____ being duly sworn, deposes and says:

1.  I reside at **[your full address]** 3333 BROADWAY D10G NY NY 10031 _____ in

the action/proceeding for **[briefly describe the type of case you are bringing** CPLR ART 78; UCC (CONSUMER
PROTECTION; DEC. JUD.

2.  My source(s) of income are as follows **[check all that apply and fill in blanks]:**

☐ I am employed at **[name of employer]** SELF _____ and earn $ 0 _____ **[circle one]** wk/mo.

☐ I receive government benefits as follows:

☐ Food stamps **[amount]** $ 0 _____ **[circle one]** per wk/mo.

☐ Unemployment Insurance **[amount]** $ _____ **[circle one]** per wk/mo.

☐ Public Assistance **[amount]** $ 0 _____ **[circle one]** per wk/mo.

☐ Social Security Income/Disability or Worker's Compensation **[amount]** $ 0 _____ **[circle one]** per wk/mo.

☐ Other **[describe source]** _____ and receive $ 0 _____ **[circle one]** per wk/mo.

3.  I support myself and **[list of all dependents]**_____
_____

4.  A prior application **[circle one]** has not/ has been made for the relief requested. **[If you made this
application before, explain why you are doing so again.  Attach copies of prior denial(s)].** _____
_____

WHEREFORE, I respectfully request that this application be granted.

I affirm this 6 day of JUNE, 2024,
under the penalties of perjury
under the laws of New York,
which may include a fine or imprisonment,
that the foregoing is true, and I understand that this
document may be filed in an
action or proceeding in a court of law.

_____
**[sign your name]**

JOMO WILLIAMS
_____
**[print your name]**

Rev. March 2021

INDEX NUMBER

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

In the Matter of the Application of
JOMO WILLIAMS
                                                          -against-
                                                                              Petitioner,

DFS; NYPD; GEICO - NICO; ENTERPRISE CAR RENTAL; SANTANDER; CCAP.C
HRYSLER CAPITAL; FCA US LLC; NYAIP; John/Jane Doe; VIDEO CUSTODIANS; John/Jane Doe ;
Other Interested parties (CPLR 7802 (D);
Bank of America (lien holder); DMV;Redmond Firm (lawyers for Car's 1/21/24 Occupants; LEMONLAW.COM

                                                                              Respondent,

        To the best of my knowledge, information and belief, formed
after an inquiry reasonable under the circumstances, the presentation
of these papers and the contentions therein are not frivolous as defined
in subsection (c) of section 130 1.1 of the Rules of the Chief
Administrator (22NYCRR).

Sign Name:

Print Name:        JOMO WILLIAMS

Address:        3333 BROADWAY D10G
                     NY, NY 10031

Telephone:        646 377 8066

Service of a copy of the within is hereby admitted

Dated:                                    , 20

Attorney for

---

****************NOTICE OF ENTRY*******************
Sir/Madam:
        Please take notice that the within is a (certified) true copy of a

                duly entered in the office of the clerk of

the within named court on the     day of                , 20

Dated:                                              Yours, etc.
Attorney for:

                                Office and Post

                                              Office Address

To:
Attorney(s) for

****************NOTICE OF SETTLEMENT***************
Sir/Madam:
Please take notice that an
of which the within is a true copy will be presented for settlement
to the Hon.                                    , one of the Justices
of the within court, at                                              , on
                        , 20     at                      AM/PM.

Dated:                , 20              Yours, etc.

Presenting Party

To:
Attorney(s) for

Rev. March 2021



## <u>U.S. District Court for the Western District of New York</u>
## <u>ADMINISTRATIVE PROCEDURES</u>
## <u>GUIDE FOR ELECTRONIC FILING</u>

(H) Fees Payable to the Clerk (i)

When opening a civil case and applying to proceed in forma pauperis or when the United States of America opens a case, the payment screen can [be by] passed to complete the transaction. https://www.nysd.uscourts.gov/sites/default/files/pdf/ProSe/Filing-A-Complaint-Guide-2024-revisions.pdf

## <u>United States District Court, Southern District of New York</u>
## <u>FILING A COMPLAINT</u>

By Email. You may email your complaint to ProSe@nysd.uscourts.gov. The

complaint must include your name, address, telephone number and email address (if available). The subject line of your email must read, "Pro Se Filing – New Case."

• Inability to pay the filing fee: If you cannot afford the filing fee, you may ask for permission to proceed without paying the fee by completing an Application to Proceed Without Prepaying Fees or Costs ("IFP Application") and including it with your complaint.

https://www.nysd.uscourts.gov/sites/default/files/pdf/ProSe/Filing-A-Complaint-Guide-2024-revisions.pdf

## <u>Addendum to Electronic Case Filing Rules & Instructions</u>
## <u>Temporary Acceptance of Pro Se Filings by Email – Page 3</u>

• A pro se party seeking to waive the filing fee for a new case must include an Application to Proceed Without Prepaying Fees or Costs (IFP Application) form;

https://nysd.uscourts.gov/sites/default/files/pdf/covid-19/Notice%20-%20Pro%20Se%20Email.pdf

## CM/ECF Electronic New Civil Case Opening Manual

On the following screen the fee will display in accordance with the lead event selected.

If the filing included a Motion to Proceed In Forma Pauperis (IFP), change the radio button to Yes.

If the filing is being filed on behalf of the USA, change the radio button to **Yes.**

Once you have answered the questions, click "Next".