UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOMO WILLIAMS,

        Plaintiff,

    -against-

J. DOES OF/FOR NYS UCS, et al.,

        Defendants.

24 Civ. 4794 (PAE)

ORDER OF SERVICE

PAUL A. ENGELMAYER, United States District Judge:

 Plaintiff Jomo Williams, who is appearing *pro se*, brings this action asserting claims of federal constitutional and state law violations arising from an alleged policy of New York State Unified Court System ("NYSUCS") – the named defendants are all unidentified "John Doe" or "Jane Doe" New York State court administration officials – prohibiting Plaintiff from electronically filing submissions in state court *in forma pauperis* ("IFP") or, in state-court parlance, as a poor person pursuant to N.Y.C.P.L.R. § 1101. Plaintiff seeks damages and injunctive relief, and invokes 42 U.S.C. § 1983 and state law.[1]

 By order dated June 26, 2024, the court granted Plaintiff's request to proceed IFP, that is, without prepayment of fees. For the reasons set forth below, the Court: (1) directs the Clerk of Court to add, under Rule 21 of the Federal Rules of Civil Procedure, the following individuals as defendants in this action: (a) Erlon Hodge, Management Analyst in the E-Filing Division of the New York State Office of Court Administration, in New York, New York; and (b) Theresa Daniel, who holds the same position in the same office; (2) drops, under the same rule, without

---

[1] Plaintiff has also filed: (1) an order to show cause for a preliminary injunction and a temporary restraining order (ECF 4); and (2) a motion for permission for electronic case filing privileges for this action (ECF 7).

prejudice, the unidentified "John Doe" and "Jane Doe" defendants from this action; and

(3) denies Plaintiff's motion for permission for electronic case filing privileges without prejudice

to Plaintiff's filing another such motion once he has successfully completed the required

CM/ECF introduction course.

## DISCUSSION

### A.      Rule 21 of the Federal Rules of Civil Procedure

Under Rule 21 of the Federal Rules of Civil Procedure ("Rule 21"), the Court, on its own

motion, "may[,] at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see Anwar v.*

*Fairfield Greenwich, Ltd.*, 118 F. Supp. 3d 591, 618-19 (S.D.N.Y. 2015) (Rule 21 "afford[s]

courts discretion to shape litigation in the interests of efficiency and justice."). Under this rule,

courts have added an individual as a defendant in an action, though that individual is not named

as a defendant in the complaint, because he or she is mentioned "throughout the body of the

[c]omplaint" as involved in the underlying alleged events. *George v. Westchester Cnty. Dep't of*

*Corr.*, No. 20-CV-1723 (KMK), 2020 WL 1922691, at *2 (S.D.N.Y. Apr. 21, 2020); *see Adams v.*

*NYC Dep't of Corrs.*, No. 19-CV-5909 (VSB), 2019 WL 2544249, at *2 (S.D.N.Y. June 20,

2019). A court may also drop, without prejudice, under Rule 21, an unidentified "John Doe" or

"Jane Doe" defendant where appropriate. *See Microsoft Corp. v. Atek 3000 Computer Inc.*, No.

06-CV-6403, 2008 WL 2884761, at *1 n.1 (E.D.N.Y. July 23, 2008) (dropping, under Rule 21, in

the court's discretion, without prejudice, an unidentified "John Doe" defendant).

Plaintiff names as defendants multiple unidentified "John Doe" and "Jane Doe"

individuals employed by the NYSUCS, and asserts claims arising from a policy of the NYSUCS

prohibiting him from electronically filing submissions in state court as a poor person pursuant to

N.Y.C.P.L.R. § 1101. He has attached to his complaint, however, email correspondences to him

from the following two state court officials, informing him of the denial of his state court

submissions due to that policy: (1) Erlon Hodge, a Management Analyst in the E-Filing Division of the New York State Office of Court Administration at 25 Beaver Street, New York, New York 10004; and (2) Theresa Daniel, another Management Analyst from the same office. (ECF 1, at 31-32.) In light of Plaintiff's *pro se* status and Plaintiff's allegations, the Court understands Plaintiff's complaint as asserting claims against those individuals. Accordingly, the Court directs the Clerk of Court to add those individuals as defendants in this action, and to drop, without prejudice, the unidentified "John Doe" and "Jane Doe" defendants, under Rule 21. This amendment is without prejudice to any defenses that Hodge and Daniel may wish to assert.

**B.    Service on Hodge and Daniel**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the United States Marshals Service ("USMS") to effect service on Hodge and Daniel.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Hodge and Daniel through the USMS, the Clerk of Court is instructed to fill out a USMS Process Receipt and Return form ("USM-285 form") for each of those defendants. The Clerk of Court is further instructed to issue summonses for those defendants and deliver to the USMS all the paperwork necessary for the USMS to effect service upon those defendants.

---

[2]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

If the complaint is not served within 90 days after the date summonses for Hodge and Daniel are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**C.      Motion for permission for electronic case filing privileges**

The Court must deny Plaintiff's motion for electronic case filing privileges because it appears, from Plaintiff's motion (ECF 7), that he has not yet taken the required CM/ECF introduction course; it seems that he has registered for the course that will take place on July 18, 2024. Accordingly, the Court denies that motion without prejudice to Plaintiff's filing another such motion after he has successfully completed the required CM/ECF introduction course.

**CONCLUSION**

The Court directs the Clerk of Court to issue an information package to Plaintiff.

The Court also directs the Clerk of Court to add Erlon Hodge and Theresa Daniel as defendants in this action, and to drop, without prejudice, all of the unidentified "John Doe" and "Jane Doe" defendants in this action, pursuant to Rule 21 of the Federal Rules of Civil Procedure.

The Court denies Plaintiff's motion for electronic case filing privileges in this action (ECF 7) without prejudice to Plaintiff's filing another such motion after he has successfully completed the required CM/ECF introduction course.

The Court further directs the Clerk of Court to: (1) issue summonses for Hodge and Daniel; (2), complete USM-285 forms with the service addresses for Hodge and Daniel, and; (3) deliver all documents necessary to effect service on Hodge and Daniel to the USMS.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    July 16, 2024
          New York, New York

_____
PAUL A. ENGELMAYER
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1.  Erlon Hodge
    Management Analyst – E-Filing Division
    NYS Office of Court Administration
    25 Beaver Street
    New York, New York 10004

2.  Theresa Daniel
    Management Analyst – E-Filing Resource Center
    NYS Office of Court Administration
    25 Beaver Street
    New York, New York 10004