UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOMO WILLIAMS,

                                Plaintiff,             24 Civ. 4794 (PAE) (SLC)

                -v-

                                                             ORDER

DOES *et al.*,

                                Defendants.

---

PAUL A. ENGELMAYER, District Judge:

On February 13, 2025, the final date upon which to submit timely objections to the January 30, 2025 Report and Recommendation of the Honorable Sarah L. Cave, United States Magistrate Judge, plaintiff Jomo Williams, proceeding *pro se*, filed a request for an extension to file objections to the Report. Dkt. 80. The request is hereby granted. Williams is directed to file his objections no later than February 24, 2025. No further extensions will be granted.

Separately, on February 12, 2025, Williams filed an "emergency motion for a temporary restraining order" asking this Court to enjoin defendants from, *inter alia*, "falsely vilify[ing] his financial character." Dkt. 74 at 7. The Court denies this request. Although the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), there is no non-frivolous basis upon which this relief can be granted. Williams centrally claims that defendants Erlon Hodge and Theresa Daniel, state-court employees in the E-filing division of the New York State Office of Court Administration ("OCA"), "unlawfully, denied access to, sabotaged and deleted many of [his] litigations," including a filing against Verizon Wireless ("Verizon"), involving financial charges that Verizon "falsely placed onto [Williams's] credit report, that Verizon know[s] are false, libelous defamation of Credit Character." Dkt. 74 at 5.

1

As alleged, Hodge and Daniel rejected Williams's state-court filings for failure to comply with a state-law requirement that a court order granting *in forma pauperis* status is required before a party may proceed without prepayment of fees. Dkt. 71 at 2; *see* N.Y. C.P.L.R. § 1101(d). Williams now seeks, on an emergency basis, an order that would restrain defendants from "falsely vilify[ing] his financial character." *Id.* at 7.

The request is denied. Plaintiff does not allege any facts showing that Hodges or Daniel acted beyond the scope of their administrative responsibilities. *See Posr v. Dolan*, No. 2 Civ. 659, 2003 WL 22203738, at *4 (S.D.N.Y. Sept. 23, 2003) (to establish a violation "of the right to access the courts," the plaintiff must demonstrate that the defendant's conduct was "deliberate and malicious," and "resulted in actual injury to the plaintiff." (citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). The allegations show that Hodge and Daniel merely informed Williams of a generally applicable state-law requirement. His request is therefore dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

For the foregoing reasons, the Court grants Williams's extension request but denies his request for emergency relief. The Clerk of Court is respectfully directed to close the motions pending at Dockets 74 and 75.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: February 14, 2025
       New York, New York