UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOMO WILLIAMS,<br><br>         Plaintiff,<br><br>   -v-<br><br>DOES *et al.*,<br><br>         Defendants. | 24 Civ. 4794 (PAE) (SLC)<br><br>OPINION & ORDER |

PAUL A. ENGELMAYER, District Judge:

Plaintiff Jomo Williams, proceeding *pro se*, brings this 42 U.S.C. § 1983 action against several state-court employees, alleging defendants denied him access to New York state courts in violation of the First and Fourteenth Amendment of the United States Constitution. Dkts. 1, 18. Two named defendants, Erlon Hodge and Theresa Daniel, move to dismiss the Complaint. Dkt. 37. Before the Court is the January 30, 2025 Report and Recommendation of the Honorable Sarah L. Cave, United States Magistrate Judge, recommending that the Court grant defendants' motion, dismiss the action with prejudice and without leave to amend, and deny Williams's other pending requests as moot. Dkt. 71 (the "Report"). For the reasons that follow, the Court adopts Judge Cave's recommendation in full and dismisses the case with prejudice.

**I. Discussion**

The Court incorporates by reference the thorough summary of the facts set out in the Report. In brief, this lawsuit arises from proceedings in New York state court relating to Williams's alleged failure to pay rent for an apartment. *See* Report at 2. In June 2023, Williams attempted to file a petition and other documents using the New York State Courts Electronic Filing System ("NYSCEF") without prepayment of fees. *See id.* at 3. His application was

1

rejected by Daniel, a management analyst in the E-filing division of the New York State Office of Court Administration ("OCA"), who informed Williams of the state-law requirement, *see* N.Y. C.L.P.R. § 1101, that a court order granting *in forma pauperis* status must issue before a party may proceed without prepayment of fees. *See id.* One year later, in June 2024, Williams attempted to file a second petition, to which his first petition was attached, to the state-court emergency relief docket. *See id.* Williams was again notified, this time by Hodge, another OCA employee, that a court order granting *in forma pauperis* status was required before he could file it as such. *See id.*

On June 18, 2024, Williams filed this action against Daniel, Hodge, and other unnamed state-court employees involved with his case. Dkt. 1. He alleges that the rejection of his state-court applications amounted to a denial of access to state court in violation of his rights under the First and Fourteenth Amendments. *See id.* at 2–3. He seeks, *inter alia*, (1) an order compelling Hodge and Daniel to "accept" his state-court filings; (2) an order tolling all deadlines and statutes of limitations in the underlying matter; and (3) damages of $50 million. *See id.* at 6.

On August 7, 2024, the Court referred the case to Judge Cave for general pretrial supervision. Dkt. 16. On October 25, 2024, defendants Hodge and Daniel filed a motion to dismiss. Dkt. 37. On October 28, 2024, this Court issued an amended reference order that referred the motion to Judge Cave for a Report and Recommendation. Dkt. 41. On December 30, 2024, following several extensions, Williams opposed. Dkt. 60. On January 13, 2025, defendants replied. Dkt. 66.

On January 30, 2025, Judge Cave issued the Report. Dkt. 71. On February 12, 2025, William filed an emergency motion for a temporary restraining order. Dkt. 74. On February 14,

2025, the Court denied that motion for failure to state a claim upon which relief could be granted. *See* Dkt. 81 (citing 28 U.S.C. § 1915(e)(2)(B)(ii)).

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950, 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 2 Civ. 5810, 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)). To the extent that the objecting party "makes only conclusory or general objections, or simply reiterates the original arguments," the court will review the report and recommendation for clear error. *Giallanzo v. City of New York*, 630 F. Supp. 3d 439, 450 (S.D.N.Y. 2022).

As no objections to the Report were properly filed,[1] review for clear error is appropriate. Careful review of Judge Cave's thorough and well-reasoned Report reveals no facial error in its conclusions. The Report rightly concludes that, to the extent Hodge and Daniel are sued in their official capacities as employees of the state courts, the Eleventh Amendment shields them from liability for damages. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (suits

---

[1] On February 13, 2025, the final date upon which to submit timely objections, Williams filed an extension request. Dkt. 80. On February 14, 2025, the Court granted a 10-day extension to the objections deadline. Dkt. 81. On February 24, 2025, Williams attempted to file his objections to ECF, but the filing was rejected by Docketing Services in light of a "PDF Error." Dkt. 82. Williams was directed to refile the document. *See id.* Williams did not do so. In any event, even if Williams had properly filed it, upon review of the document, the Court concludes that Williams merely reprises his arguments made before Magistrate Judge Cave. *See Khwaja v. Jobs to Move Am.*, No. 19 Civ. 7070, 2023 WL 2734420, at *1 (S.D.N.Y. Mar. 31, 2023) ("If a party makes objections that are merely conclusory, or that rehash arguments made before the magistrate judge, the Court reviews only for clear error." (citing *Thomas v. Astrue*, 674 F. Supp. 2d 507, 511 (S.D.N.Y. 2009))).

3

against a state official in his or her official capacity are "no different from a suit against the State itself" and thus barred by the Eleventh Amendment).

To the extent Williams sues Hodge and Daniel in their individual capacities, or for injunctive relief, he fails to state a claim. To establish a violation "of the right to access the courts," the plaintiff must demonstrate that the defendant's conduct was "deliberate and malicious," and "resulted in actual injury to the plaintiff." *Posr v. Dolan*, No. 2 Civ. 659, 2003 WL 22203738, at *4 (S.D.N.Y. Sept. 23, 2003) (citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). Here, no such conduct is alleged. As Judge Cave rightly notes, Hodge and Daniel merely "informed [Williams] of the steps he needed to take" to comply with the state courts' rules and practices. Report at 12. Williams's claim under the Equal Protection Clause is similarly unavailing. The Complaint does not plausibly allege that Williams was intentionally discriminated against based on a protected characteristic. On the contrary, the New York law requiring persons who wish to proceed in state court without prepayment of fees to first obtain the court's permission to do so is evenhanded and applicable to all such persons. *See* N.Y. C.P.L.R. § 1101(d) ("[A] plaintiff may seek to commence his or her action without payment of the fee required by filing the form affidavit, attesting that such plaintiff is unable to pay the costs, fees and expenses necessary to prosecute or defend the action . . . If the court approves the application, the plaintiff will by written order be given notice that all fees and costs relating to the filing and service shall be waived."). Hodge and Daniel merely informed Mr. Williams of that generally applicable requirement. And Williams's remaining claims, as Judge Cave recognized, lack an arguable basis in law and must therefore be dismissed as frivolous. Report at 14–16.

4

Williams filed numerous other requests for relief both before and after the motion to dismiss was filed. These include, *inter alia*,

> a temporary restraining order and preliminary injunction enjoining Defendants from (i) "remanding [this] case to state court[,]" and withholding state court records and an induction stove from his home, (ii) ordering "access to [a] judge to sign [Mr. Williams'] criminal complaints" against Defendants, and (iii) consolidating this case with another of Mr. Williams' cases (ECF Nos. 29; 31); a response to Mr. Williams' purported order to show cause why he has not immediately received his requested relief (*id.*); an order of protection and to show cause based on Mr. Williams' allegations concerning "Project 2025" and several other groups and federal offices (ECF Nos. 33; 43); an application for pro bono counsel (ECF No. 46), which the Court held in abeyance pending a decision on the Motion (ECF No. 47); a motion for reconsideration under Federal Rule of Civil Procedure 60, "seeking correction of clerical mistakes, relief from dismissal based on inadvertence or neglect, and addressing misconduct by opposing parties in the handling of the CVRA case" (ECF No. 58; *see also* ECF Nos. 54; 55); and additional requests to proceed in forma pauperis in this Court and on appeal (ECF Nos. 63–65).

Report at 20.

The Court adopts the Report's recommendation to deny all such requests as moot in light of its decision dismissing the case. *See Tanasi v. New All. Bank*, 786 F.3d 195, 199 (2d Cir. 2015) ("A case becomes moot pursuant to Article III's Case or Controversy Clause when it is impossible for a court to grant any effectual relief whatever to the prevailing party." (cleaned up) (citing *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012))).

Because the Report explicitly states that "[t]he parties shall have 14 days from this date to file written objections to this Report and Recommendation," and that "[f]ailure to file timely objections will result in a waiver of such objections and will preclude appellate review," Report at 43, the parties' failure to properly object operates as a waiver of appellate review. *See, e.g., Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

## CONCLUSION

For the foregoing reasons, the Court grants defendants' motion to dismiss in its entirety and dismisses this action with prejudice. The Clerk of Court is respectfully directed to terminate all pending motions and to close this case.

SO ORDERED.

Paul A. Engelmayer<br>
Paul A. Engelmayer<br>
United States District Judge

Dated: March 5, 2025
      New York, New York